LYONS *et al., Plaintiffs in Error*, v. MURRAY, *Administratrix.*

1.  Creditors' Bill : EXHAUSTING REMEDY AT LAW. Creditors having a general judgment against a debtor cannot issue execution thereon after the debtor's death, and where the latter's estate is insolvent, no further proceedings at law are required to lay a foundation for equitable relief against the debtor's fraudulent grantee.

2.  Partnership Debts : PAYMENT BY PARTNER OUT OF HIS INDIVIDUAL ESTATE. A partner who voluntarily pays firm debts out of his individual estate does not, under our law, which makes partnership debts both joint and several, become a creditor of the firm for the amounts so paid, with the right to be subrogated to all the rights of the debtors whose debts are paid. He has only the right to bring such payments into the partnership account, and after the payment of the other debts due by the firm, to be credited therewith in a settlement between the partners.

3.  Creditor's Bill : FRAUD. A creditor's bill to subject certain funds to a judgment at law states a cause of action which charges that M., one of the firm of V., M. & Co., on the death of V., administered on the partnership estate ; that, at the time, the firm was indebted to one L. in a large sum ; that M. applied all his individual means in payment of L.'s debt, and on final distribution of the partnership estate, procured an order to pay forty-two per cent. of L.'s debt out of the firm assets, and with intent to defraud his creditors, and to cover up his property, paid said sum of forty-two per cent. to L.

4.  ———: ——— : PLEADING. Said petition is sufficient, although it does not in terms state that L. received the last payment to aid M. in defrauding his creditors, nor that L. had any notice of the intended fraud ; and this is the case for the reason that the second payment was made without consideration.

5.  ——— : JUDGMENT CONCLUSIVE ONLY ON PARTIES OR PRIVIES. The individual creditors of M. not being parties or privies to the order of distribution, it is not conclusive as to them.

6.  ——— : ———. Nor was it essential to plaintiff's right to follow the money fraudulently paid, that the order of distribution should be set aside.

*Error to Hannibal Court of Common Pleas.*—HON. THEODORE BRACE, Judge.

REVERSED AND REMANDED.

*W. H. Biggs* for plaintiffs in error.

(1) If one partner pays the debts of his firm with his individual money or property, he to that extent becomes a creditor of his firm, and is entitled to be paid as such. *Kendall v. Rider,* 35 Barb. 100; *Morris v. Morris,* 4 Gratt. 293; *Averell v. Loucks,* 6 Barb. 477: *Bisby v. Lawrence,* 11 Paige, 387; *Adams v. Sturgis,* 55 Ill. 468. Where the creditors of a firm have resorted to the separate estate of one of the partners, thereby exonerating the partnership estate so as to produce a surplus of firm assets, in case of the insolvency of the partner whose property has been taken, his separate creditors will have an equitable lien on such surplus to the extent to which the individual property of the partner has been applied to the discharge of firm obligations. *Ex parte Reid,* 2 Rose [Eng.] 84; Story on Partnership [2 Ed.] 583; *Averell v. Loucks,* 6 Barb. 477; *Bisby v. Lawrence,* 11 Paige, 387. The authorities cited establish the doctrine that when one partner, either voluntarily or otherwise, pays the debts of his firm with his individual money he thereby becomes a creditor of his firm, and has the right to be subrogated to all the rights of the creditor whose debt he has paid. (2) Plaintiffs are without any remedy at law. Murray was dead at the time this suit was instituted and plaintiffs' only remedy was a bill in equity in the nature of a creditor's bill or an equitable garnishment. *Pendleton v. Perkins,* 49 Mo. 565; *Lackland v. Garesché,* 56 Mo. 271; *Pickens v. Dorris,* 20 Mo. App. 1; *Luthy v, Wood,* 1 Mo. App. 167; *Carr v. Parker,* 10 Mo. App. 364.

*Smith, Silver & Brown* and *W. P. Harrison* for defendant in error.

(1) The petition cannot be sustained on the theory that it is a bill to set aside a transfer of property in fraud of creditors. (*a*) It is not averred that Luce received the money with notice of any intent on the part of Murray to defraud his creditors. *Wise v. Weimer*, 23 Mo. 237; *Spaulding v. Myres*, 64 Ind. 265; *Klein v. Horne*, 47 Ill. 430; *Kinder v. Nacy*, 7 Cal. 206; *Skinner v. Stewart*, 39 Barb. 206. (*b*) It is not averred that Murray had any intent to commit or to participate in any fraud. Authorities, *supra*. (*c*) The money was paid under an order of distribution to pay an allowance of the probate court, and was paid to satisfy a firm debt which the firm had not paid. Both the allowance and order of distribution were judgments of the probate court. *Smith v. Sims*, 77 Mo. 269; *State ex rel. v. James*, 82 Mo. 516; *Johnson v. Beazley*, 65 Mo. 250. (*d*) Where a creditor seeks aid as to personal property alleged to have been transferred in fraud of creditors, he must not only show a judgment against his debtor, but an execution sued out and pursued to every available extent. *Jones v. Green*, 1 Wallace, 330; *Young v. Frier*, 9 N. J. 465; *Barrow v. Bailey*, 5 Fla. 9; Kerr on Fraud, 45, note. (*e*) Being assets of the partnership estate, which was in the probate court in process of administration, the plaintiffs cannot maintain their bill to subject the money in question to their specific debts. The probate court has exclusive jurisdiction over assets of the estate. *Titterington v. Hooker*, 58 Mo. 595. (2) Partnership property must first be applied to the payment of partnership debts, and the actual interest of each partner in the partnership stock is the balance found due him after payment of all partnership debts and the adjustment of partnership accounts between the

partners. *Sheedy v. Bank*, 62 Mo. 18 ; *Lyndon v. Gorham*, 1 Gall. 367 ; *Dyer v. Clark*, 5 Met. 575 ; *Taylor v. Farmer*, 6 West. Rep. 710 ; *Baily v. Brownfield*, 20 Pa. St. 45 ; *Fessler v. Hickernell*, 82 Pa. St. 152. (3) Where one partner has paid a firm debt he is not entitled to subrogation against his partner until an account is settled between them, for such account is necessary to determine which is the debtor partner. *Baily v. Brownfield*, 20 Pa. St. 45, *supra*. (4) The petition does not state a case for an account between partners. It neither states nor prays for an account. *Pope v. Salsman*, 35 Mo. 362. (5) The petition cannot be sustained on the theory of an equitable garnishment, for the latter must necessarily have for its basis a claim which Luce, the party sought to be charged as such garnishee, could enforce in equity against Murray. *Atwood v. Hale*, 17 Mo. App. 81 ; Freeman on Ex., sec. 160. (6) Luce received the money under an order of distribution, made in pursuance of an allowance in the probate court. Both were judgments of the court, and if not appealed from are assailable for fraud only in their procurement. *Smith v. Sims*, 77 Mo. 269 ; *State ex rel. v. James*, 82 Mo. 516 ; *Johnson v. Beazley*, 65 Mo. 250 ; *Rowden v. Brown*, 9 Mo. 429. (7) If the money was paid by Murray and received by Luce in fraud of creditors, as charged in the bill, and which plaintiffs are estopped to deny (91 Mo. 560), Murray could not recover it back from the former. *Larrimore v. Tyler*, 88 Mo. 661. (8) The petition cannot be sustained as a bill to marshal assets, because our statute of administrations has superseded the equitable doctrine in that regard. *Titterington v. Hooker*, 58 Mo. 593. Besides such marshalling can be asserted in equity only where a creditor has a lien on two funds in the hands of the same debtor, and another creditor has a lien on only one of the funds ; in such case the first may be compelled in equity to make his debt out of the fund to

which the other cannot resort. *Fessler v. Hickernell,* 82 Pa. St. 153 ; *Ex parte Kendall,* 17 Ves. 514. This case is further complicated by the fact that the fund is in the hands of Luce's estate, a stranger to plaintiffs. (9) Nor can the petition be sustained as one directly assailing the order of distribution under which Murray paid the fund in question to Luce. (*a*) It does not charge fraud in the procurement of said order. *Smith v. Sims,* 77 Mo. 269. (*b*) A petition of that character should state facts constituting the alleged fraud ; even charging that the order was fraudulently obtained would be insufficient. *Smith v. Sims, supra.* (*c*) The order of distribution was a judgment of the probate court and assailable only as such. *State ex rel. v. James,* 82 Mo. 516 ; *Rawden v. Brown,* 91 Mo. 429. (*d*) The payment of the allowance before the order of distribution was made might have been a good defence to such order, but comes too late after it is made. *Smith v. Sims, supra.* (10) If as seen, *supra,* a partner, by paying a partnership debt, is not thereby entitled to subrogation as against the partnership, the plaintiffs' case must fail because they seek to be subrogated to Murray's alleged right of action against Luce because Murray, as the plaintiffs claim, was in the first instance subrogated against the firm. This last subrogation having no foundation, the other one must fail. *Baily v. Brownfield,* 20 Pa. St. 45 : *Fessler v. Hickernell,* 82 Pa. St. 152.

BLACK, J.—Plaintiffs sued out this writ of error to review the judgment of the circuit court in sustaining a demurrer to the amended petition. Aaron McPike, one of the plaintiffs, recovered a judgment against Edward C. Murray, Archibald M., William M., and Walter J. VanHorn, partners, doing business under the firm name of VanHorn, Murray & Company, for some fourteen hundred dollars in the year 1870. The other

plaintiffs, Sarah C. Lyons and the Bank of Pike County, obtained judgments against Murray, the former for one hundred and forty-two dollars, and the latter for forty-seven hundred and forty dollars. Thereafter, and in 1870, William M. VanHorn died, and Murray gave bond as surviving partner and administered upon the partnership effects. In 1882, Murray died and the defendant became the administratrix of his estate. The plaintiffs then had their judgments allowed by the probate court and classed as demands against the Murray estate.

The petition makes these further allegations: That, in 1870, William C. Luce had demands allowed by the probate court against the firm assets, amounting to $12,566; that, prior to the fourteenth of November, 1879, Murray sold and delivered to Luce all of his individual property, real and personal, in payment and in satisfaction of these firm debts held by Luce; that, on the last mentioned date, Murray filed a settlement in the probate court, showing a balance of firm money in his hands of $10,875; that he then procured an order of the probate court, directing him to pay forty-two per cent. of the demands allowed in favor of Luce out of the firm moneys; that Murray, with intent to hinder, delay, and defraud his creditors, and to cover up his property, paid to Luce out of the firm moneys on these allowed demands the sum of $8,972; that the previous payment of the same debts by Murray out of his individual property rendered him insolvent; that the other members of the firm of VanHorn, Murray & Company are insolvent; and that in equity the $8,972 belonged to Murray, and should, in the hands of Luce, be subjected to the payment of the debts held by the plaintiffs against the Murray estate. Luce died pending this suit, and defendant qualified as his executrix. The petition, it will be seen, is in the nature of a creditor's bill, seeking to reach money in the hands of Luce.

1. The point made by the defendant that this suit

cannot be maintained, because the plaintiffs have not exhausted their remedy at law by execution, is not well taken. They have had their general judgments allowed by the probate court, against the Murray estate. Murray, the debtor here pursued, being dead, no execution can be issued on those general judgments, as against his estate, and that estate being insolvent, no further proceedings at law are required to lay a foundation for equitable relief against a fraudulent grantee. *Merry v. Fremon*, 44 Mo. 518; *Pendleton v. Perkins*, 49 Mo. 565.

2. The plaintiffs insist that, where one partner voluntarily pays debts of the firm with his individual means, he thereby becomes a creditor of the firm for the amount thus paid, and is entitled to be subrogated to all of the rights of the creditors whose debts he paid, and hence, in equity, the $8,972 was the money of Murray. But under our law a partnership debt is joint and several. Murray was bound, individually, for the payment of these partnership debts held by Luce, and his individual property could have been taken on executions therefor, and this, too, though the partnership was dissolved and in liquidation by reason of the death of VanHorn. When Murray paid these partnership debts he did not stand in the shoes of the creditors. He could not, with these debts paid by him, come in competition with the other firm creditors. He had the right, however, to bring these payments into his accounts, and after the payment of the other partnership debts, the amounts thus paid by him would go to his credit in a settlement as between the partners. Neither he nor his individual creditors could demand more than his proportionate share of the residue on a balance and settlement of the accounts as between the partners. Coll. on Part. [6 Ed.] sec. 109, and notes by Wood; 20 Pa. St. 45; 82 Pa. St. 152. But for the amount due him on final settlement, augmented as it would be by the payments made to Luce, he had

what is now called a lien on the firm assets. Coll. on Part., sec. 109 ; 2 Lindley on Part. 680. He had a right to hold the money in his hands as surviving partner and pay what was due to himself on such balance of accounts. To the extent, therefore, that he fraudulently disposed of his interest in this surplus, to that extent he defrauded his individual creditors.

But it is said the petition does not show that Murray had any interest in this fund, for it may be, for aught that is stated, that he owed it all to his partners, and there would be nothing due to him on final settlement of the accounts as between the partners. It is shown by the petition that the firm debts, aside from those held by Luce, amounted to only twenty-one hundred and thirty-four dollars ; that they have been paid except the fourteen hundred dollars due to plaintiff, McPike. Murray was entitled to a credit of $12,566, as between the partners, which he did not claim, but took a credit for $8,972 for a fictitious payment, so as to absorb the funds in his hands. These facts, with the allegation that this last amount in equity belonged to Murray, sufficiently show an individual interest in the fund as against a general demurrer, pointing out no specific objections to the petition.

3. But aside from any lien to be worked out through the partnership, the petition states a cause of action. It must be taken that Murray paid the debts to Luce after they had been allowed by the probate court against the firm assets. This he did with his individual property, real and personal. He then procured the order to pay to Luce on the same debts, from the firm assets, $8,972. This it is alleged he did to defraud the plaintiffs. It may be that this second payment was a fraud on the other partners, for it is possible that Murray should have paid this money to them besides having paid the firm debt held by Luce, but the record shows no such case. Besides, the partners are making no

complaint; and it is a most remarkable position taken by the defendant to say that the Luce estate is not liable to the plaintiffs because some other persons may have been defrauded. It is no answer to the fraud charged in the petition to say that the partners of Murray were also defrauded.

4. It is true the petition does not in terms state that Luce received the last payment to aid Murray in defrauding his creditors, nor is it alleged that Luce had any notice of the intended fraud. The second payment, however, was without any consideration whatever, and Luce occupies no other position than that of a voluntary donee. Murray, being largely indebted, was bound to pay his debts before he could, as against his creditors, give away his property. As to existing creditors, the donee in such cases occupies no better position than the donor; the transfer of property, under such circumstances, is as to both fraudulent in law.

5. Finally, the executrix of the Luce will intrenches herself behind the order of distribution made in the partnership estate, and insists that this order is in effect a judgment and is conclusive evidence of the validity of the payment of the forty-two per cent. to Luce. For the purposes of this case, let it be conceded that the order is to be regarded as a judgment, and that it is conclusive as between the parties thereto and their privies and cannot by them be attacked for fraud, except by appeal or a direct proceeding to vacate the order for fraud. But do the plaintiffs stand in any such relation to that order? Bigelow says the doctrine of the English cases is, that no one who was a party to the former proceedings, or who might have intervened or appealed from them, can, in a collateral proceeding, allege that the judgment was obtained by fraud; while the contrary is true as to persons who could not have thus intervened or appealed. Bigelow on Estoppel, 148. Now when this order was procured and the money paid pursuant

thereto, Murray was alive; his individual estate was not in liquidation, and his individual creditors had nothing to do with the partnership settlements and proceedings in the probate court. Even as to the deceased member of the firm, the allowance of partnership demands, against the partnership estate, would not bind the individual estate. R. S., sec. 65. Murray's individual creditors had no right to appear in the partnership proceedings and take appeals or object to the judgments of the court. In no sense can it be said the individual creditors were parties or privies to the order of distribution. If A should fraudulently confess a judgment in favor of B, and that judgment should come into collision with other creditors of A, they may, in a collateral proceeding, show that the judgment was collusive and fraudulent as to the creditors of A, and as to them void. The judgment will, as to the parties thereto, stand as valid; but as to the other creditors it will be void. It is, therefore, not essential to the plaintiff's right to follow the money fraudulently paid to Luce that the order of distribution should be set aside.

It may be said that one of the plaintiffs is a partnership creditor, but as no question is made of a defect of parties, we will not stop to consider what, if any, effect, that has as to him.

The judgment is reversed and the cause remanded. Ray, J., absent, the other judges concur.