HENRY ELSTROTH et al., Appellants, v. WILLIAM R. YOUNG, Administrator, Respondent.

St. Louis Court of Appeals, February 7, 1899.

1. **Probate Court:** JURISDICTION: ORDERS OF DISTRIBUTION. Probate courts have jurisdiction to make orders of distribution, for the payment of debts, at each annual settlement of an administrator and are required to do so by sections 226 and 227, Revised Statutes 1889, which order has the force and effect of a judgment.

2. **Practice, Trial:** APPEAL FROM PROBATE COURT. In the case at bar, it was the duty of the circuit court to try the cause *de novo* and affirm the order of the probate court if found just and correct, but if found to be erroneous, to make such order of distribution as the probate court should have made.

*Appeal from the Lincoln Circuit Court.*—HON. ELLIOTT M. HUGHES, Judge.

REVERSED AND REMANDED.

MARTIN & WOOLFOLK and GEO. T. DUNN for appellants.

In determining this question of law there was no question of waste or *devastavit* raised or could be raised, but the sole question was to whom did the fund belong? Creditors whose claims have been allowed are not compelled to wait until a final settlement of the estate for distribution. They may recover their demands thus allowed by suit upon the administrator's bond before final settlement by showing that the administrator had funds in his hands subject to the payment of their debts and which he refuses to distribute. State ex rel. v. Shelby, 75 Mo. 482; State ex rel. v. Mordell, 15 Mo. 421. To ascertain the amount of money in the hand of the administrator or executor at his annual settlement, necessarily implies some inquiry or investigation into the condition of the estate in his hands at that time, and this inquiry or investigation is not confined to what appears on the face of the settlement. In State ex rel. v. James, 82 Mo. 509, the settlement of the administrator which was an annual one, showed a balance of only $444.84, yet the probate court upon that annual settlement ordered distributed $2,523.94 which it found to be in the hands of the administrator, and the supreme court held that the probate court did not exceed its jurisdiction. Proceedings of like character to this have been sustained by the supreme court. North v. Priest, 81 Mo. 561; Bassett v. Elliott, 78 Mo. 525. The issue tendered by defendant's answer was whether the $1,767.36 in the hands of said administrator belonged to the estate of Dickmeyer or to his children. That it belonged to the estate there can be no question. Woerther v. Miller, 13 Mo. App. 562; Casebolt v. Donelson, 67 Mo. 308.

NORTON & AVERY for appellee.

These two sections (275 and 276, R. S. 1889) have been construed by this court in an action similar to the issues

in the case at bar in the case of Ridgway v. Kerfoot, Adm'r, 22 Mo. App. 661, and the court there holds that such proceedings "can only be instituted after final settlement of the estate." Ridgway v. Kerfoot, 22 Mo. App. 661; McLelland v. McLelland, 42 Mo. App. 38. None of the cases cited by appellant are applicable to the issues in the case at bar. State ex rel. v. Shelby, 75 Mo. 482, and State ex rel. v. Mordell, 15 Mo. 421, were both suits on the administrator's bond and presented nothing in common with this case. The case of State ex rel. James v. Richardson, 82 Mo. 509, cited by appellants, was a case in which the settlement showed a balance of only $444.84 on hand, yet the face of the same settlement showed that the administrator had distributed to legatees and heirs $3,653.93. On this state of facts the court ordered the debts paid, holding that they were payable before the administrator was permitted to distribute to heirs or legatees, and this suit was also on the bond. The case in the 81 Mo. 561, affirmed in 9 Mo. App., cited by appellants was similar to the above. A creditor asked for an order on the administrator to pay his demand. The settlement showed money on hand, the administrator answered saying he had distributed the money to the heirs, the court made the order to pay the demand, but in the case at bar the settlement of the administrator shows no money either for the payment of debts or for distribution to the heirs, and the creditors seek to come in before final settlement and show *devastavit,* have the administrator charged with certain money, which he says he does not owe, and have it distributed. The case of Bassett v. Elliott, 78 Mo. 525, cited by appellants, is entirely dissimilar to the one at bar. There the creditor had obtained judgment against the deceased in his lifetime, which was a lien on the real estate owned by deceased. The administrator sold the real estate for the payment of debts and the creditor asked that the proceeds of the real estate be ordered paid to

him so far as his judgment lien extended, and the court so ordered.

BLAND, P. J.—Plaintiffs had claims allowed against the estate of Fritz Dickmeyer, deceased, which were placed in the fifth class of demands; they appeared in the probate court of Lincoln county on the first annual settlement of Young the administrator, and asked for an order of distribution to the creditors, which they obtained; the administrator appealed to the circuit court; in the circuit court defendant moved to dismiss on the ground, first, "because the settlement was not a final one," and, second, "because the circuit court had no jurisdiction until after final settlement should be made;" this motion was sustained and the cause was dismissed at the cost of plaintiff. From this judgment plaintiffs duly appealed.

The facts as developed by the record are briefly stated as follows: Dickmeyer at the time of his demise owned personal property of the value of $1,034.26 and one hundred and twenty acres of real estate, the latter was encumbered by a deed of trust; after Dickmeyer's death, to wit, on July 21, 1897, it was sold under the deed of trust by the trustee for $4,725; after paying the debt secured by the trust deed $1,767.36 remained in the hands of the trustee, which he paid over to Young, the administrator. Dickmeyer resided on this land with his family at the time of his death; he left some minor children, and Young had been appointed guardian of these, and on his motion the probate court, prior to the sale under deed of trust, had had a portion of the land set apart to the minors as a homestead. In his first annual settlement Young had charged himself with the whole amount of the personal property, $1,034.26, and took credit for the sum of $967.22, leaving a balance in his hands of $66.54. In the settlement he rendered no account of the $1,767.36. On this showing plaintiffs filed a petition asking

that he be charged with this sum, and that he be ordered to distribute it with other funds in his hands to the creditors. The administrator resisted this application, claiming that the proceeds of the sale of the real estate, or at least $1,500 of it belonged to the minor children of his intestate, because derived from the sale of their homestead. The probate court granted the prayer of the plaintiffs' petition, added the sum of $1,767.36 to the balance of cash assets in the hands of the administrator, and took these added items as a basis for its order of distribution. The order of distribution had the force and effect of a judgment, as execution might be issued on it after demand, section 228, Revised Statutes 1889, and an appeal to the circuit court would lie from it, section 285, Revised Statutes 1889. The circuit court therefore had jurisdiction to try the cause *de novo* (R. S. 1889, sec. 292), if the probate court had jurisdiction to make the order in the first instance. Probate courts have jurisdiction to make orders of distribution for the payment of debts at each annual settlement of an administrator and are required to do so by sections 226-227 of the administration law, hence there can be no question as to the jurisdiction of the probate court to make the order it did make. Whether or not the order was a proper and correct one to be made, should have been determined by the circuit court on the appeal. If the probate court charged the administrator with cash assets which did not belong to the estate, or which should not be distributed to creditors; or if the probate court adjudicated a contested claim to be cash assets, or over which it had no jurisdiction and charged such cash to the administrator and ordered it with other cash in his hands to be distributed to creditors, the error could and should have been corrected on the trial anew in the circuit court. It was the duty of the circuit court to try the cause *de novo* and affirm the order of the probate court if found just and correct, but if found to be erroneous, to make such

order of distribution as the probate court should have made. That this may be done, the judgment is reversed and the cause remanded.   All concur.