W. H. LANEY, Appellant, v. W. H. FICKEL et al., Respondents.

### St. Louis Court of Appeals, January 16, 1900.

1. **Joint Stock Company: LIABILITY OF MEMBERS: COMMON LAW: PARTNERSHIP.** Joint stock companies were recognized at common law and may exist by statute, and the members thereof are liable *in solido* for all of its indebtedness in the same manner as members of an ordinary partnership.

2. ——: ——. The liability of a member of a joint stock company for the indebtedness of such association is consummate upon a showing that the member joined the association, attended its meetings, and consented to the engagement out of which the liability arose.

3. ——: ——: **ACTION: PRACTICE, TRIAL.** A member of a joint stock association can not bring an action against any member of the association for a liability against it, unless it is shown that the affairs of the joint stock company have been adjusted or settled, or that an accounting has taken place, or that there remains a single item of dispute.

4. ——: ——: ——: **ASSIGNMENT OF CLAIM AGAINST A STOCK COMPANY TO A MEMBER THEREOF: PRACTICE: ACTION AT LAW.** And it matters not in the application of this rule whether the liability of the company arose upon a contract dealing with one of its members, or whether the latter purchased a claim against it. In neither case can an action at law be maintained.

Appeal from the Knox Circuit Court.—*Hon. Edwin R. McKee,* Judge.

AFFIRMED.

*O. D. Jones* for appellant.

(1) It was error to sustain defendants' objections. They were not on the ground the petition states no cause of action

Laney v. Fickel.

in equity, or that ought to be addressed to the equity side of the court; or there was a defect of parties. On its face the petition states a cause of action at law. If it has defects they do not appear on its face, and all others as to parties if not taken by answer are waived. Railroad v. Watson, 61 Mo. 57; Lucke v. Tredsway, 45 Mo. App. 507; Crenshaw v. Ullman, 113 Mo. 633. (2) The suit is not based on the Sinclair contract; it is based on the implied obligation of defendants who organized and acted in the temporary organization, to pay the debts they caused to be contracted. The petition did not charge them as a partnership in any sense; and they denied the facts it did charge. All charged in the petition is, that defendants are joint promisors, and liable to pay the debts sued for. The Sinclair agreement nor the one declared on, do not have one word or clause, that even tends to show the defendants acted or intended to act as partners. Parties can not be made partners by accident or without their intention, as among themselves. To be partners among themselves there must be: First, community property; second, division of profits; third, liability for losses. Priest v. Chouteau, 85 Mo. 405; McCauley v. Cleveland, 21 Mo. 438; Gatewood v. Bolton, 48 Mo. 78.

*Chas. D. Stewart* and *G. R. Balthorpe* for respondents.

(1) A partnership may be established by parol evidence, and for this purpose the conduct and declarations of the parties and entries in the firm book are competent evidence. 17 Enc. Law, sec. 1, p. 1312; Bush v. Bush, 89 Mo. 360. The existence of a partnership or not often depends upon the intention of the parties—always as between the parties themselves. Bush v. Bush, 89 Mo. 368. (2) The acts of the parties in writing and otherwise, the transaction of all the business and the circumstances surrounding the whole case lead to the inevitable conclusion that they were partners, made

so by the operation of law upon their own acts.  Priest v. Chouteau, 85 Mo. 406; Kellogg Newspaper Company v. Farrel, 88 Mo. 597.  "It should be added that whether two or more persons are partners as to each other, must generally, and perhaps always be determined by the intentions of the parties, as the same is expressed in the words of their contract, or may be gathered from the facts and from all the circumstances which are available for the interpretation or construction of the contract."  Parsons on Partnership, page 58. (3)  The fact that the lumber bought from plaintiff was used for benefit of the canning company of which plaintiff admits he was a stockholder would preclude his right of recovery in this action as he is jointly liable with defendants, and can not sue himself.  Braches v. Anderson, 14 Mo. 441.  This was a joint stock company, and plaintiff admits he signed subscription list, attended and participated in the meetings, and consequently became a partner in the partnership.  Hunnewell v. Willow Springs Canning Co., 53 Mo. App. 245.  Where the goods or material, or the money wherewith to buy them are contributed by all, and are joined in a common stock, and are to be used or disposed of for joint benefit this constitutes a partnership.  Martin and Sheridan Bros. v. Cropp, 61 Mo. App. 607; McDonald v. Mateny, 82 Mo. 365.

BOND, J.—Plaintiff and thirty-nine other citizens of Knox County, Missouri, organized a joint stock company for the purpose of establishing a fruit canning factory, and to that end elected a president, secretary, treasurer, and appointed a committee to locate a site for a building and empowered it to purchase material and employ laborers to erect such building.  In the prosecution of these ends the association became indebted to certain laborers and materialmen, and also to a lumber firm, of which plaintiff was a member.  All of these accounts were assigned to plaintiff, who brought suit against defendants, and prayed judgment for the several sums so as-

signed to him. When the fact was developed during the trial by the admission of plaintiff that he was a member of said joint stock company and attended its meetings and consented to what was done by it in the matter of constructing the building and incurring the indebtedness sued for, the trial court directed a verdict for defendants. From a judgment in accordance plaintiff appealed.

The first question presented is as to the nature of the association in which plaintiff engaged. Under the facts stated it was clearly a joint stock company which went into practical operation so far as to elect officers, construct a building and incur indebtedness. Such associations were recognized at common law and may exist by statute. The members thereof are liable *in solido* for all of its indebtedness in the same manner as the members of an ordinary partnership. While there is some variance in the authorities as to what steps must be taken before the members become liable in this manner to third parties, all the cases are agreed that such liability is consummate upon a showing that the member joined the association, attended its meetings, and consented to the engagement out of which the liability arose. Hunnewell v. Willow Springs Canning Company, 53 Mo. App. 245. The case at bar presents all these elements of liability in plaintiff's connection with the company. He was therefore liable as a copartner with his other associates for the claim sued upon by him, since they were valid obligations against the joint stock company itself. This being so, and there being no pretense that the affairs of the joint stock company had been adjusted or settled, nor that any accounting between its members had taken place, nor that there remained only a single item of dispute, it is obvious that plaintiff could not bring an action at law against any of the members of the association for a liability against it, since the rule is universal that "a partner can not maintain an action at law against his copartner on a partnership claim or liability." George on Partnership, 302;

Bambrick v. Simms, 132 Mo. 48; Rankin v. Fairley, 29 Mo. App. 587. It matters not in the application of this rule whether the liability of the partnership arose upon a contract dealing with one of its members, or whether the latter purchased a claim against it. In neither can the action at law therefor be maintained. Lyons v. Murray, 95 Mo. 23. The ruling of the circuit court in this case is supported by the admission of the foregoing facts made by plaintiff on the witness stand. It was to the effect that the present action, which is strictly a legal one, could not be maintained. It was manifestly correct, and the judgment therefor is affirmed. All concur.