POWELL HARDWARE COMPANY, Respondent, v. JOSEPH MAYER et al., Appellants.

Kansas City Court of Appeals, November 28, 1904.

1. **CORPORATIONS: Partnership: Evidence.** Though a corporation may not without special charter authority become a member of a partnership, yet, on the facts in this case the plaintiff has done so and there is no legal impediment to such action.

2. ———: ———: **Action.** One partner can not sue another at law, and where he pays more than his proportion he must resort to equity for an accounting.

3. ———: ———: **Guarantor: Money Had and Received.** Where a corporation guarantees the bills of a partnership it can not sue the partnership for money had and received, but must seek its remedy in some other form of action.

4. ———: ———: **Contract: Money Had and Received.** Where the agent of a corporation misappropriates its funds to pay the debt of a partnership of which he is the manager, without the knowledge of this copartners, the partnership can not be made to refund such money, as there is no contractual relation between the corporation and the partnership.

5. ———: ———: **Non-Trading: Partner's Authority.** The manager of a non-trading partnership has no authority to borrow money, and the fact that his copartners may know that he is using more money than has been paid into the firm will not make the partnership liable to a corporation from which the money was taken.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

Reversed and remanded.

*Sam B. Strother* for appellants.

(1) At best the Powell Hardware Co. were merely guarantors without being requested to be so and under no circumstances could they recover in a case of this kind. (2) From the evidence in this case, it is clear that this was a non-trading copartnership. If this is true that this was a non-trading copartnership, in order that the defendants be bound, then all of the instructions given in behalf of the plaintiff are erroneous and the court should have given a peremptory instruction for defendant. Deardorff v. Thatcher, 78 Mo. 132; Holt v. Simons, 16 Mo. App. 97; Smith v. Sloan, 37 Wis. 285, 19 Am. Rep. 757. (3) The petition does not state a cause of action. The defendants' demurrer to the evidence at close of testimony given by plaintiff, should have been given. Instruction three and four asked by defendant and refused by the court should have been given. Instruction 3 is as follows: "The jury is instructed that if you believe from the evidence that R. J. Powell advanced the money paid out in behalf of defendants, then for whatever amount spent by him should be deducted from the amount sued for in this case." (4) Instruction four, should have been given. Laney v. Fickel, 83 Mo. App. 60; Bambrick v. Simms, 132 Mo. 48; Honeywell v. Canning Co., 53 Mo. App. 245; Lyons v. Murray, 95 Mo. 23. (5) This evidence shows these plaintiffs were partners of the defendants in this enterprise and it is a well-settled principle of law and the universal rule that "A partner can not maintain an action at law against his copartner on a partnership claim or liability." Laney v. Fickel, 83 Mo. App. 63; Bambrick v. Simms, 132 Mo. 48; Rankin v. Fairley, 29 Mo. App. 587.

*Geo. N. Longfellow, Paxton & Rose* for respondent.

(1) Defendants knew Powell was paying out money for them, and made no objections nor told him

to stop work on the motor; this made them liable for the money so paid out. Kerr v. Cusenbury, 60 Mo. App. 558; Lindsay v. Moore, 9 Mo. 176; Wood v. Kansas City, 162 Mo. 303. (2) Powell was the agent of defendants, and when he took the money out of the Powell Hardware Co. with their knowledge and for their benefit, they became liable to an action for money had and received, whether there was any contract relation with the Powell Hardware Co. or not, or whether or not they knew whose money it was. 15 Am. & Eng. Ency. of Law (2 Ed.), pp. 1096-1097; Chase v. Mercantile Co., 63 Mo. App. 482; Jacoby v. O'Hearn, 32 Mo. App. 566; Winningham v. Fancher, 52 Mo. App. 458; Deal v. Bank, 79 Mo. App. 262. (3) The resolution that the members of the partnership made among themselves not to go in debt was of no avail if they afterwards departed from it.

ELLISON, J.—Plaintiff was a mercantile corporation engaged in the hardware business and defendants composed a non-trading partnership interested in procuring a patent for a motor car and in constructing a model car to illustrate and show the value, utility and practicability of the proposed patent. R. J. Powell was secretary of the plaintiff corporation and president of the defendant partnership. Plaintiff claimed that Powell drew out money of the plaintiff corporation and used it in the necessary expenses of constructing the motor car and procuring a patent and brought this action for money had and received. On trial in the circuit court plaintiff obtained judgment, whereupon defendants came here for relief.

The evidence in behalf of plaintiff touches upon, or embraces several theories of liability, but it is of a very unsatisfactory and indefinite nature. All we can say of it is that it is unsatisfactory on any theory which it suggests. The principal evidence introduced by plaintiff came from Powell himself. From that it

is manifest that the plaintiff company was a member of the defendant firm. He states that each of the plaintiff members was a member of the defendant firm though their shares were in his name, and he calls them silent partners. He stated that the plaintiff, as a corporation, was not a member of the defendant firm. This latter statement is, however, a mere conclusion of his, since his entire testimony shows that the company was in fact a member. There is no legal impediment to such membership; for a corporation without special charter authority may not become a member of another partnership, yet, it undoubtedly acted as such in this case. Powell testified that while the business was transacted by him, yet that the members of the plaintiff company were each interested in the defendant partnership and that the expected profits of the latter were to be divided between them. That the money used to pay for the interest in the defendant partnership was the plaintiff company's money, drawn out by him as secretary. He said that he expected to charge it to them individually, but not that it had been done. Indeed, there appears not to have been a single individual act taken, but all acts were those of the plaintiff company through Powell, as its secretary, and with the knowledge of his co-members, one being his wife. Furthermore, there was testimony from one of the defendants (nowhere disputed) that when Powell found that his name, only, appeared in the defendant partnership, he stated that it should have been in the plaintiff's name, but that since it was so put in, he would let it stand. Defendants asked that the jury be directed that if it was believed that the plaintiff was a member of the defendant partnership, the finding should be for defendants. The court improperly refused it. If such was the case, the plaintiff simply paid more than its share of the expenses and this action could not be maintained, since one partner can not sue another in this way. There

should have been a case in equity for an accounting.
Bambrick v. Simms, 132 Mo. 48; Laney v. Fickel, 83 Mo.
App. 60; Lyons v. Murray, 95 Mo. 23.

There are further specific portions of the testimony in plaintiff's behalf which go to show that if plaintiff was not acting in partnership with defendants, and if they have an action against defendants, it would be for reimbursement as a guarantor of defendants' indebtedness which it paid in compliance with the guaranty. The witness Powell states that he was defendants' agent and president and that he was plaintiff's secretary in active charge of its business. That in pursuance of authority from defendants to purchase material and procure labor he attempted to do so, but found that he could not do so on the credit of the defendants and that he therefore acting for plaintiffs, with the knowledge of his partners, guaranteed the payment of the bills. If such is the basis of plaintiffs' case it is a variance from the petition.

Again, conceding that we are mistaken in the views expressed in the first paragraph and the plaintiff company was not a member of the defendant firm, but (as plaintiff now contends) Powell and the other persons composing the plaintiff firm, were, as individuals, members of the defendant firm, still plaintiff has shown no cause of action against defendants. If any one has used it's money it was Powell and not the defendants. Powell, whether with or without the consent of his plaintiff copartners, drew the plaintiff's money and applied it to the payment of obligations of himself and his defendant copartners. There is no evidence whatever that the defendant partners knew that Powell was using the plaintiff's money. There is evidence from which, perhaps, it might be inferred that they knew he was advancing money or incurring indebtedness beyond what the defendants had put in, but not that he was using the money of others, either by borrowing, or wrongfully appropriating it. When

Powell took the plaintiff's money and paid defendants' obligation to creditors, it did not create any more claim in plaintiff's behalf against defendants than if he had himself owed defendants and had taken plaintiff's money and paid them his debt. And yet, in the latter case it has been frequently held that, the party receiving the money, in ignorance of its misappropriation, can not be made to refund it. Smith v. Des Moines Bank, 107 Iowa 620; Stephens v. Board, 79 N. Y. 183; Hatch v. Bank, 147 N. Y. 184; Bohart v. Obern, 36 Kansas 284.

Plaintiff's claim in its brief and argument is, that it was no party to the use of its money for defendants' benefit and, as just stated, there is no evidence that defendants knew its money was being used for their benefit. There was absolutely no contractual relation between them; and realizing that fact, plaintiff founds its action on the theory of money had and received whereby the law would raise a promise to pay. But it must be kept in mind that defendants had no knowledge of plaintiff's money and that all that may be inferred against them is that they knew Powell was using money or incurring indebtedness beyond the sum they had paid in. Powell had no authority to borrow money for them; they were a non-trading partnership with express provision that no partnership debts were to be incurred.

We have not overlooked the suggestion that in consequence of Powell being a member of the defendant firm his act of taking and using plaintiff's money was the act of the defendant firm through him as agent. But that simply recurs back to what we have repeatedly stated, that he had no authority to do so and defendants did not know that he had done so. He simply misappropriated plaintiff's money without his copartner defendants' knowledge and used it in paying joint indebtedness of himself and such copartner defendants. It may be that in a proceeding to adjust the

accounts between the members of the defendant partnership, Powell would be entitled to credit for money advanced beyond his rightful proportion.

We have hesitated as to whether the judgment should be merely reversed or reversed and remanded, but have concluded that it may be that plaintiff may be able to fall upon some certain and definite legal cause of complaint under the present petition, or under an amendment thereof. But of this we do not pretend to decide.

The judgment is reversed and the cause remanded. All concur.