In the Matter of the Copartnership Estate of D. D. PERKINS & COMPANY, late Copartnership composed of DAVID D. PERKINS and EDMUND ANIBAL, both deceased.

THE WHITE CLOUD MILLING AND ELEVATOR COMPANY et al., Appellants, v. W. S. THOMSON, Administrator et al., Respondents.

Kansas City Court of Appeals, June 3, 1912.

1. ADMINISTRATION: Partnership Estates: Priority of Claims. While a firm member may be a creditor of his firm, he can only be a secondary creditor, that is, however unequally the members of a firm may have contributed to the firm assets, and however much the firm may be owing any member thereof on account of such excess contributions, no firm member can take anything from an insolvent firm's estate in process of liquidation until after all of the general firm's debts have been satisfied.

2. ——: **Allowance of Claims: Equitable Priority: Res Adjudicata.** The right of equitable priority is not affected by the statutes relating to the allowance and classification of demands and the equitable priorities of creditors are not foreclosed by a judgment of allowance and classification.

3. **PARTNERSHIPS: Priority of Creditors: Rights of Partners.** Where a partner pays firm's debts with his individual funds, being separately as well as jointly liable therefor, he does not become subrogated to the rights of such creditors against the partnership. He only acquires a valid demand against his partners which should be paid out of what remains after the partnership creditors are fully satisfied.

Appeal from Holt Circuit Court.—*Hon. William C. Ellison,* Judge.

REVERSED AND REMANDED (*with directions*).

*H. T. Alkire* and *J. B. Shackleford* for appellants.

*R. B. Bridgeman, S. R. Halstead* and *C. C. Crow* for respondents.

JOHNSON, J.—This contest is between creditors of a partnership estate over the question of priority between demands allowed by the probate court and assigned to the fifth class. The appealing creditors filed a petition in the probate court praying that their demands be given priority over the demand allowed in favor of the individual estate of one of the partners. The probate court sustained the prayer of the petition and ordered that in the payment of debts belonging to the fifth class the general partnership creditors be paid in full before anything be paid on the demand in favor of the estate of the deceased partner. The circuit court, where the cause was taken by appeal, entertained the opposite view and ordered that the funds applicable to the payment of all fifth class demands be pro rated among all such demands including that of the individual estate. From this or-

der and judgment the petitioning creditors appealed
to this court.

There is no serious dispute over the facts of the
case. David D. Perkins and Edmund Anibal were
partners doing business as general merchants in
Craig, Holt county, in the firm name of D. D. Perkins
& Company. The partnership became indebted to
Perkins in the sum of $7069.34 for advances made by
him to pay debts of the firm aggregating that amount.
No part of that indebtedness was paid and Perkins
died November 30, 1907, a creditor of the partnership
in the amount stated. On December 5, 1907, Anibal
was appointed administrator of the partnership estate
by the probate court of Holt county and W. S. Thom-
son on the same day was appointed administrator of
the individual estate. Anibal died in December, 1908,
and R. M. Guilliams and W. J. Randall were appoint-
ed administrators *de bonis non* of the partnership es-
tate. An administrator was appointed of Anibal's in-
dividual estate.

During the first year of the administration of the
partnership estate and while Anibal was the adminis-
trator, Thomson, the administrator of the individual
estate of Perkins, presented for allowance against the
partnership estate a demand for $7069.34, the indebt-
edness of the partnership to Perkins at the time of
his death. The demand was allowed by the probate
court February 11, 1908, and assigned to the fifth class.
No objection was made to the allowance and classifi-
cation and no appeal was prosecuted. Demands of
other partnership creditors were presented during the
first year of the administration and were allowed and
assigned to the fifth class. The total of the allowed
claims in this class exceeded $17,000. The estate is in
process of administration and is insolvent. Its ap-
praised value was $19,222.67, but the assets have de-
preciated and will fall far short of paying all of the

claims of the fifth class. The individual estates of Perkins and Anibal are also insolvent.

The petitioning creditors own demands allowed against the partnership estate and assigned to the fifth class. They filed the present petition on September 16, 1909, more than eighteen months after the allowance of respondents' demand and at a subsequent term of the probate court. Their position is disclosed in the following quotation from the petition:

"By reason of the foregoing your petitioners respectively assert that said claims of your petitioners, and those of other like creditors of said copartnership estate which were duly presented and allowed by this court against said estate during the first year of the administration thereof are entitled to priority over the said claim in favor of the individual estate of the said David D. Perkins in the distribution of the assets of said copartnership estate and should be paid in full therefrom before any part thereof is applied to the payment of said claim in favor of said individual estate.

"Wherefore your petitioners respectfully pray, in behalf of themselves and other like creditors of said copartnership estate, that an order be now made by this court directing that nothing be paid on said claim in favor of said individual estate of said David D. Perkins from the assets or funds of said copartnership estate except after and until after the claims of your petitioners and other like creditors of said copartnership estate shall have been fully paid."

On the facts stated the circuit court rendered the following judgment: "Now on this, the 15th day of January, 1910, same being the 12th day of the regular January, 1910, term of the circuit court of Holt county, Missouri, this cause coming on for hearing on the merits of the partnership creditors' petition, said partnership creditors appearing in person and by H. T. Alkire and J. D. Shackleford, their attorneys, and W.

S. Thomson, administrator, appellant, appearing in person and by R. B. Bridgeman and John Kennish, his attorneys, and W. J. Randall and R. M. Guilliams, administrator of the partnership estate of D. D. Perkins & Company, appearing in person and by H. B. Williams, their attorney, and the cause being submitted to the court by agreement of all the parties, and the evidence having been heard in full, and the court having seen and heard said petition, and considered the evidence and arguments of counsel, doth find that the claim of W. S. Thomson, as administrator of the estate of David D. Perkins, deceased, in the sum of $7069.34, was regularly allowed by the probate court of Holt county, Missouri, on the 11th day of February, 1908, and assigned to the fifth class of demands. The court further finds that the partnership creditors, who are claiming priority of payment herein, including the demand of W. S. Thomson, as administrator, for $7069.34, were allowed during the first year of administration of said partnership estate. The court further finds that after the allowance and classification of the demand of W. S. Thomson, as administrator, on the 11th day of February, 1908, there was no appeal taken from said allowance and classification, nor was there any motion filed for rehearing, as provided by section 214, Revised Statutes 1899.

"It is therefore ordered, adjudged and decreed by this court that the petition of the partnership creditors for priority of payment over the claim of W. S. Thomson, administrator of the estate of David D. Perkins, deceased, be and the same is hereby dismissed; and that the claims of the petitioning partnership creditors be not given priority of payment over the claim of W. S. Thomson, administrator of the estate of David D. Perkins, deceased, but that all claims allowed against the said partnership estate of D. D. Perkins & Company be paid according to their respective class and pro rata, and it is further ordered that the

defendants herein go hence without day and recover of petitioners all costs in this behalf expended.

"And it is further ordered that the clerk of this court be, and he is directed to certify a transcript of the record and proceedings of this cause, together with the original papers in this case, to the probate court of Holt county, Missouri, for further proceedings in accordance with this judgment."

Section 190, Revised Statutes 1909, provides the exclusive method and order for the classification of demands against the estates of deceased persons. The first four subdivisions relate to preferred demands such as funeral expenses, expenses of last sickness, taxes and judgments existing at the death of the decedent. Then comes the fifth subdivision which comprises "all demands, without regard to quality which shall be legally exhibited within one year after the granting of the first letters on the estate." The sixth subdivision relates to demands of the nature of those specified in the fifth class but which are not exhibited until after the end of one year from the granting of letters.

Section 191 provides that "all demands not thus exhibited in two years shall be forever barred."

Section 216 requires that all demands be paid in the order of their classification; that no demand of one class shall be paid until all previous classes be satisfied and that "if there be not sufficient to pay the whole of any one class, such demands shall be paid in proportion to their amounts."

These sections are made applicable to the administration of partnership estates by section 99, Revised Statutes 1909, as follows:

"The administration upon partnership effects, whether by the surviving partner or executor or administrator of the deceased partner, shall in all respects conform to administrations in ordinary cases, except as otherwise herein provided; and the person

administering upon partnership effects, and his securities on his official bond, shall perform the same functions and duties, be governed by the same limitations, restrictions and provisions, be subject to the same penalties, liabilities and actions, as other administrators and their sureties."

It was incumbent on the creditors of the partnership estate of Perkins & Company to present their demands for allowance in the time and manner prescribed by the general statutes and it was the duty of the probate court to classify the demands and assign them to classes in accordance with the provisions of sections 190 and 191 and regardless of questions of equitable priorities between demands belonging to a given class. The classification statutes make no provision for the determination or even recognition of such disputes. A creditor exhibiting his demand within one year from the granting of letters is entitled to have it allowed if he establishes it in the method prescribed and to have it assigned to the fifth class, if it falls within the statutory definition of that class, notwithstanding the fact that other demands of that class may be entitled to priority in payment over his. To say otherwise would be to hold that a creditor whose claim was subject to such equities would have no right to have his claim classified and allowed since the classification statutes, in making no provision for the adjudication of disputes over questions of priority, has omitted to provide a class for claims which in equity should be postponed to others of the same statutory classification.

We think the better construction of the statutes supports the view that a creditor of an estate whose demand properly belongs to the fifth class should not be precluded from an allowance of his claim and its assignment to that class by the fact that his claim is subject to equitable rights of other creditors of the same class.

Respondent Thomson properly contends that as administrator of the separate estate of Perkins he had the right to exhibit the demand of that estate for allowance against the partnership estate and that the probate court in the classification and allowance of the demand acted within the mandate of the statute. Further, respondent argues that "the allowance and classification of respondent's demand was a judgment of a court of record having all of the binding force and effect of a judgment of any other court of record and after the time for taking an appeal from the judgment of allowance and classification had passed, that judgment could not be annulled by an order of the probate court postponing the payment of the demand to the payment of all other demands of the same class."

It is unnecessary to refer to the numerous authorities supporting the rule that the judgments of probate courts allowing and classifying demands against estates are judgments possessing the attributes of judgments of courts of general jurisdiction.

The rule is succinctly stated in Cooper v. Duncan, 20 Mo. App. l. c. 359, where this court, speaking through ELLISON, J., says: "The probate courts of this state in the allowance and classification of demands against estates are upon the same footing with courts of general jurisdiction and their judgments possess the same efficacy and solemnity and the same presumption of validity attach to them as to circuit courts. [Johnson v. Beasley, 65 Mo. 250; Smith v. Simms, 77 Mo. 269, 270; Henry v. McKerlie, 78 Mo. 416.]"

Undoubtedly such a judgment unappealed from within the time allowed by law is a finality and is *res adjudicata* as to all issues properly belonging to the cause on which the judgment is founded. [Donnell v. Wright, 147 Mo. 639; Paving Co. v. Field, 132 Mo. App. 628.]

But we do not agree with respondent that the question of priority between the creditors of the fifth class was one of the issues concluded by the judgment allowing and classifying his demand. It is true that the statutes—sections 216 and 96—provided for pro-rating the funds of the estate among the members of a class where the estate is not sufficient to pay all such demands in full. But the statutes to which we have referred, including those just mentioned, after all is said, merely provide and profess to provide an orderly method of procedure and are not intended to have any effect on issues between creditors of an equitable nature. [Hundley v. Farris, 103 Mo. 78; Level v. Farris, 24 Mo. App. 461; Ault v. Bradley, 191 Mo. 731; Rogers v. Meranda, 7 Ohio St. 192; Irby v. Graham, 46 Mass. 425; Smith v. Mallory, 24 Ala. 628; Black's Appeal, 44 Pa. St. 508.]

In Hundley v. Farris, supra, the Supreme Court say: "Our statutes looking to the classification of demands against the estate of a deceased member of a partenrship and the distribution of his estate have no effect whatever on such priority. They were not intended to have any such effect. The well settled equities in such cases are not to be thwarted or overthrown by mere methods of procedure, such as those statutes authorize. This point has frequently been thus ruled in states possessed of statutes similar to our own."

In Level v. Farris, supra, this court say: "This right (of priority) is not to be controlled by the provisions of the statute respecting the classification of demands against estates. To give it such effect would be outside of the reasonable intent of the Legislature. 'They had nothing more in view than the administration of a single fund among its own peculiar creditors. The first was a matter easily subjected to a set of single rules; but the second could not be touched by a hand so violent without throwing the whole into

inextricable confusion and destroying all justice and equitable distribution.' ''

To the same effect is the decision in the later case of Ault v. Bradley, where our Supreme Court express-ly reaffirm what is said in the quotation from the opinion in Hundley v. Farris.

The only authority outside of this state to which we shall make special reference is the decision of the Supreme Court of Alabama in Smith v. Mallory, su-pra. Speaking of statutes similar to ours the court say: ''The object of the statute was, not to affect in any way the priority of right which the separate credi-tor had against the estate of the deceased copartner, but simply to allow the creditor of the firm to assert his claim against such estate in a court of law, instead of a court of chancery. If the estate of the deceased partner was solvent, he obtained his debt by a more simple process; but if insolvent, the creditors who had a superior claim preserved their advantage.''

There are some points of difference between the facts of the present case and those of the cases we have noted, but they are without effect on the applicability of the rule to the present case. These authorities are determinative of the controlling rule that the right of equitable priority is not affected by the statute relat-ing to the allowance and classification of demands and of the resulting rule that the equitable priorities of creditors are not foreclosed by a judgment of allow-ance and classification. We must hold that the issue raised by the general creditors of the partnership in their petition was not *res adjudicata* and was prop-erly raised on application for an order of distribution which order, itself, is a judgment from which an appeal may be prosecuted. [Estroth v. Young, 78 Mo. App. 651.]

''While a firm member may possibly be a credi-tor of his firm, he can only be what we may style a secondary creditor, that is, however, unequally the

members of a firm may have contributed to the firm's assets, and however much the firm may be owing any member thereof on account of such excess contributions, no firm member can take anything from an insolvent firm's estate in process of liquidation until after all of the general firm's debts have been satisfied.''

This proposition quoted from the brief of appellant is fully sustained by the authorities. [Lyons v. Murray, 95 Mo. 23; Ross v. Carson, 32 Mo. App. 148; Funk v. Seehorn, 99 Mo. App. 598; 22 Am. & Eng. Ency. Law (2 Ed.), 195; 30 Cyc. 542.] In Lyons v. Murray, supra, the Supreme Court say:

''The plaintiffs insist that where one partner voluntarily pays debts of the firm with his individual means, he thereby becomes a creditor of the firm for the amount thus paid, and is entitled to be subrogated to all of the rights of the creditors whose debts he paid, and hence, in equity, the $8972 was the money of Murray. But under our law a partnership debt is joint and several. Murray was bound, individually, for the payment of these partnership debts held by Luce, and his individual property could have been taken on executions therefor, and this, too, though the partnership was dissolved and in liquidation by reason of the death of Van Horn. When Murray paid these partnership debts he did not stand in the shoes of the creditors. He could not, with these debts paid by him, come in competition with the other firm creditors. He had the right, however, to bring these payments into his accounts, and after the payment of the other partnership debts the amounts thus paid by him would go to his credit in a settlement as between the partners. Neither he nor his individual creditors could demand more than his proportionate share of the residue on a balance and settlement of the accounts as between the partners.''

In paying debts for which he was separately as well as jointly liable Perkins merely did what his obligation to the firm creditors compelled him to do. He did not purchase their demands and thereby become subrogated to their rights and remedies against the partnership but he paid his own as well as his firm's debts and thereby cancelled all rights of such creditors. In paying out of his own pocket debts of the partnership which, as between him and his partners, should have been paid by the firm, he acquired a valid demand against his partners which should be paid out of the partnership estate for distribution among the partners. Such estate consists only of what remains after the partnership creditors are fully satisfied. To allow a partner creditor to participate with the general creditors of an insolvent partnership estate would be at variance with the fundamental rule that the obligation of the members of a partnership to its creditors is joint and several and not merely joint.

It follows from what has been said that the learned trial judge erred in holding that respondent's demand was entitled to prorate with the demands of the petitioners. Accordingly the judgment is reversed and the cause remanded with directions to enter judgment in accordance with the views expressed. *Broaddus, P. J.,* concurs. *Ellison, J,* dissents.