Dennis .v. Kennedy.

Judgment affirmed.

[WASHINGTON GENERAL TERM, May 2, 1853. *Hand, Cady, C. L. Allen* and *James,* Justices.]

---◦◦•---

DENNIS and others *vs.* KENNEDY and others.

In unincorporated companies or copartnerships, it is only necessary that a person should subscribe the articles of association, to entitle him to the rights, or make him subject to the liabilities, of a proprietor.

Companies or societies, which are not incorporated by competent public authority, are in fact nothing more than ordinary partnerships, or co-ownerships, however numerous the members of whom they are composed; and all laws pertaining to the one are applicable to the other. The one is a private, the other may be called a public copartnership.

An association of persons, formed for the purpose of purchasing a vessel, and prosecuting an adventure to California, is merely a. co-ownership, or at most a copartnership; and although they call themselves, in their articles of association, stockholders, it is not necessary that certificates of stock, or scrips, should be issued, or that a person should be formally declared a stockholder, to entitle him to redress against any persons who have committed a breach of trust, or who have fraudulently concealed the property of the association, or injured or destroyed it, by negligence or intentional fraud.

If persons are members of the association, by originally subscribing to the arti-
cles, whether certificates of stock were issued to them or not, they are proper
parties to an action for that purpose.

Although the articles of association provide that the government and manage-
ment of the concern shall be subject to rules and regulations adopted by a ma-
jority of the associates, it does not follow that any individual member or
members shall be debarred from resorting to a court of justice for redress, in
case of the fraudulent appropriation, or willful destruction of the joint property.

One or more parties, of a numerous class, may sue for the benefit of the whole,
or of those interested who may come in " and contribute to the expenses."

Where a complaint, filed by a portion of the members of an association, against
other members thereof, alleged that three of the defendants were selected by
the associates to take and receive in their names, as trustees, a bill of sale of
a vessel from Z. and W. from whom the association had purchased it, " in or-
der to close the business with Z. and W ;" and that they accordingly received
the bill of sale, as such trustees, in their names ; that the trustees, being sub-
sequently authorized to borrow $5000, upon the security of the vessel, upon a
credit of two years, transcended their authority, and in fraud of the rights of
the plaintiffs, borrowed $4.500 from W. and agreed to pay it within three
months after the arrival of the vessel in California, and executed a bottomry
bond, by which they mortgaged and pledged the vessel to W. for the payment
of the amount borrowed ; that they concealed from the plaintiffs the fact that
they had thus exceeded their authority, in executing a lien payable in three
months ; that the bottomry bond, having been transferred to one of the trustees,
they in connection with the defendant, R. M. H. caused the vessel to be sold,
by virtue thereof ; and that after the sale all of the defendants took possession
of her, and converted her to their own use ; *it was held* that this was not a
claim against the trustees by virtue of the contract, so as to confine it to the
7th division of § 167 of the code, relating to the joinder of causes of action ;
that it was a claim for an injury to property, and for a tortious conversion
of it, for which they were not liable to respond in their capacity of trustees,
alone ; but that they were liable, in the same manner as R. M. H. was liable,
in their individual capacity, for the perpetration of a fraud, by which the
plaintiffs had been deprived of their property ; and that there was no misjoin-
der of causes of action.

*Held also,* that the action was not for a breach of trust, but was substantially a
claim for the value of the vessel. And that although the plaintiffs averred
that the defendants had not faithfully discharged their *trust,* and prayed that
they might be required to account, this did not change the real aspect of the
action.

APPEAL from an order made at a special term, overruling a
demurrer to the complaint. The action was brought by
Calvin S. Dennis, Hiram Hutchinson, William G. Lord, Daniel

Dennis *v.* Kennedy.

Price, and John S. Fox, on behalf of themselves and the other stockholders of the association mentioned in the complaint, who might come in and contribute to the expenses of the suit. The complaint alleged that in January, 1849, the defendant Oliver S. Halsted, jun. started the plan of forming a company, or association, of persons wishing to go, or to send persons, to California, to engage in business there; and having communicated the same to the plaintiffs and other persons, and induced them to join him in the association, prepared certain articles of association, containing the terms and conditions upon which the association was to be founded, which were approved and signed by the several persons engaged in the enterprise; and which articles were set out, at length, in the complaint. They were styled " Articles of association between the stockholders of the barque Griffin," and provided for the purchase of the barque for the sum of $19,000, to be divided into shares of $500 each. There were to be not less than 38 nor more than 50 shares. The complaint alleged that the plaintiff, Hiram Hutchinson, subscribed for seven shares, and paid the amount of such subscription, and S. & C. S. Dennis subscribed for one share thereof, which was subsequently transferred to, and is now held and owned by the said C. S. Dennis, and paid the amount of their subscription according to the terms of the said articles of association. And the other plaintiffs also then, or subsequently, subscribed one share each, and paid the amount of their subscriptions. And the defendants, then, or subsequently, also subscribed for one share each, and thereby became bound to fulfill and perform the aforesaid articles of association, on their part. That the defendants Kennedy, Smith and C. S. Halsted, jun. were selected and chosen by the stockholders to close the business with Zipsey & Wyman, the owners of the barque, and to take and receive a bill of sale of said barque in their names, as trustees, for the use of the stockholders; that the defendants did procure and receive a bill of sale, accordingly, and caused the register of the said vessel to be changed, at the custom house in the city of New York, so that the said vessel thereafter stood, upon said register, in their names as owners. That when said vessel was

nearly ready to sail, upon her voyage, it was found that in order to pay the bills for the ship's expenses, and for her stores and provisions, &c. it would require four or five thousand dollars more ; and that at a meeting of the stockholders, a vote or resolution was adopted, authorizing the said Kennedy, Smith and O. Halsted, jun. as such trustees, to borrow a sum not exceeding $5000, and to mortgage and hypothecate the vessel as security therefor, provided the said sum could be obtained on a credit of two years. The complaint then alleged that the said trustees transcended the authority given to them as aforesaid, and in violation of such power and authority, and in disregard of their duty in this respect, did afterwards, and without the license, authority or consent of the plaintiffs, and without the proper authority of the said association, or of the subscribers thereto, borrow from William Wright, of Newark, in the state of New Jersey, the sum of four thousand five hundred dollars, which they improperly undertook and agreed to pay; with interest at the rate of twenty per cent, in three months after the arrival of the said vessel at San Francisco, and without the knowledge, approbation or consent of the plaintiffs, or of the other members of the association, and in violation of their power and duties as such trustees as aforesaid, and in fraud of the rights of the plaintiffs as such share or stockholders as aforesaid, made and executed a bottomry bond, or some other instrument in writing, in the nature thereof, whereby they hypothecated, mortgaged and pledged to the said William Wright, the vessel, her tackle, apparel and furniture, and the stores, provisions and outfits, to secure to him the repayment of the money borrowed of him, with interest. That at or about the time the money was borrowed, and before the vessel sailed, Oliver Halsted, jun. falsely reported to the plaintiffs and other members of the association, that the said trustees had borrowed from the said Wright the sum of $4500 upon the terms and conditions stated in the said vote or resolution, and that both he and his co-trustees fraudulently suppressed from the plaintiffs and other members of the association the facts respecting the said loan, and gave them to understand that the sum mentioned had been borrowed upon the terms

mentioned in the said vote or resolution.    That on the 17th of March, 1849, the vessel sailed from New York for California, under the command of the defendant, R. M. Halsted, who was a shareholder, and a brother of Oliver S. Halsted, jun.    That after the vessel had got to sea, the said Oliver S. Halsted, jun. for the first time, disclosed to the members of the association on board thereof, that the money borrowed of Wright had been borrowed upon the agreement and condition that the same should be re-paid in three months after the arrival of the vessel at San Fran-cisco, and that Wright had transferred or delivered to him the bottomry bond which had been executed to him by the said trus-tees, and that he had the same with him on board of the said ship, and that he gave out and threatened that if the said money was not paid within the time specified, he would sell the said vessel, and her cargo and stores.    The complaint further alleged that soon after the arrival of the vessel at San Francisco the defendant Oliver S. Halsted, jun. and R. M. Halsted, acting in concert, and colluding with divers other persons, fraudulently sold the said vessel, her tackle, apparel &c., and the supplies, provisions, &c. on board, under the power alleged to have been contained in the said bottomry bond, and had the same bid off, for their own use and benefit, at a sum much below the value thereof.    That the said O. S. Halsted, jun. and the other defend-ants, or some of them, or their confederates, shortly thereafter, commenced running the said vessel, and had since continued to run her, between San Francisco and Panama, under the com-mand of the said R. M. Halsted, and had fraudulently converted her, and the stores and provisions on board, to his and their own use.    That they had made large gains and profits by the use of said vessel, which they had, in like manner, converted to their own use.    The plaintiffs averred that the defendants had not faithfully discharged their aforesaid trust, but had willfully and fraudulently abused, neglected, violated, and broken the same, and their obligations in that behalf, assumed and taken upon themselves, by reason whereof the plaintiffs had lost, and been deprived of their said property, and had sustained great damage. That all the books of the association, containing the minutes of

its proceedings and the transfer of the stock thereof, were in the possession, or under the control of the defendants, or some one or more of them, who refused to deliver them up, or permit the same to be inspected by the plaintiffs or their agents. That there were originally fifty subscribers to the said association, who resided in different parts of New York and New Jersey; that many of the shares thus subscribed for and taken, had been, as the plaintiffs had reason to believe, sold and transferred to various other persons, whose names and residences were unknown to the plaintiffs, the particulars of which the plaintiffs could not ascertain, and the stockholders and parties interested in the said association and in this action, had thereby become, and were very numerous, many of them being and residing in California and other foreign parts, so that it was utterly impracticable to bring them all before the court in this action. The plaintiffs, therefore, in behalf of themselves and the other stockholders, and persons interested in the said association, who might come in and contribute to the expenses of this suit, demanded judgment against the defendants for the sum of $40,000, with interest from the 18th day of December, 1849, or that they might be required to account in due form of law, for the said vessel, her tackle, apparel and furniture, and her provisions and stores, and the proceeds, avails and earnings thereof, and that the plaintiffs might have judgment against the said defendants for the amount which should be found upon such accounting to be due and payable by them, with interest and costs, &c.

The defendants demurred to the complaint; specifying the following causes of demurrer. Because it appeared from such complaint, that one Hiram Hutchinson was a party plaintiff to this action, yet it did not appear therefrom what property, right or interest he had in the bark Griffin, her stores or provisions, or in the property of said association, or any right of action against the defendants; and because it appeared from such complaint that certificates for the seven shares in said vessel, her stores and provisions, subscribed for by said Hutchinson, were by his direction granted by the defendants Kennedy, Smith and Oliver S. Halsted, junior, as trustees of such

Dennis *v.* Kennedy.

vessel, her provisions and stores, to persons other than said Hutchinson, by virtue of which certificates, such other persons became the owners of said seven shares ; but such complaint did not show that said Hutchinson, after the grant of such certificates to such other persons, acquired any right or interest in or to said seven shares, or any of them ; nor did it appear by said complaint, that such other persons, or any of them, under their hands or otherwise, directed or appointed any of said seven shares to be transferred or assigned by such trustees to the said Hutchinson, or held by them for him, or transferred or assigned to any other person or persons through whom said Hutchinson claimed or could claim or derive title to said seven shares or any of them, or that any such other persons under their hands transferred or assigned any of said seven shares to said Hutchinson, or to any other person or persons ; nor did such complaint show how the right, property or interest of such other persons, in and to said seven shares or either of them, became divested out of such other persons, or vested in said Hutchinson ; and such other persons were not, nor was either of them made a party to this action.

That it also appeared by the complaint, that Calvin S. Dennis was a party plaintiff, and that a certificate for one share in the bark Griffin, her stores and provisions, was granted by such trustees to S. and C. S. Dennis, jointly, but the complaint did not show that the joint property or interest of S. Dennis, in such certificate or one share, was ever directed or appointed under the hand of the said S. Dennis to be transferred or assigned by such trustees to Calvin S. Dennis, or held by them for him, or that the said S. Dennis ever, under his hand, transferred or assigned his joint interest or property in such certificate or one share to the said Calvin S. Dennis, or to any other person or persons ; nor did such complaint show how the joint property or interest of the said S. Dennis, in or to such certificate or one share, became divested out of him or vested in the said Calvin S. Dennis, and said S. Dennis was not made a party plaintiff or defendant to this action.

That it also appeared by such complaint, that Joseph S. Fox,

William G. Lord and Daniel Price were parties plaintiffs to this action, but the complaint did not show that such last mentioned plaintiffs, or either of them, had or owned, at the time of the commencement of this action, any interest or property in the bark Griffin, her provisions or stores, or in the said association, or the property thereof.

That it also appeared from the complaint, and the articles of association therein set forth, that the government and management of such vessel, and the property of such association, was to be governed and determined by a majority of the stockholders of such association, consisting of fifty stockholders; yet it did not appear from the complaint that a majority of such stockholders authorized the commencement of this action, nor that such majority of stockholders did not authorize and sanction the sale of such vessel and property, in California.

Because the plaintiffs had not the right to commence or maintain this action. It appearing from the complaint, that the bark Griffin, her stores and provisions, and the property of said association, were the subject matter of this action, and that persons other than the plaintiffs and defendants were jointly interested with the plaintiffs and defendants in the said vessel, her stores and provisions, and the property of such association, yet such other parties in interest were not made parties, plaintiffs or defendants to this action; nor did it appear from such complaint, that this action was brought for the benefit of all persons having an interest in the subject matter thereof; but it did appear from such complaint, that this action was brought only for the benefit of the plaintiffs and such other persons interested in the said association as should come in and contribute to the expense of this suit; and because it did not appear from the complaint that a complete determination of the matter in controversy in this action could be made without including therein as parties plaintiffs or defendants all persons interested in such subject matter; nor did it appear by the complaint that the plaintiffs had any permission or authority from this court, or any legal right or authority to commence or

Dennis *v.* Kennedy.

maintain this action, without making all persons interested in the subject matter in controversy parties to this action.

Because it appeared from the complaint that several causes of action had been improperly joined in this action, namely, an alleged cause of action against the defendants, Kennedy, Smith and Oliver S. Halsted, jr. as trustees of the bark Griffin, her stores and provisions, and the property of said association, for an account thereof, and for the earnings and profits of said vessel, and an alleged cause of action for a fraudulent conversion by the defendants, Oliver S. Halsted, junior, and Robert M. Halsted, of the said vessel, her tackle, apparel and furniture, supplies and provisions, and the property and effects of such association to their own use, to deprive the plaintiffs and the other members of the association, of their rights and interests therein.

Because the complaint did not state facts sufficient to constitute a cause of action; it appearing from the allegations therein that the alleged purchase by the defendant, Oliver S. Halsted, junior, of said vessel and property in California, was made by him whilst he was a trustee of said vessel and property, for himself and the other parties interested therein; and if the allegations in the complaint were true, no title to such vessel or property passed by such sale or purchase to the said Oliver S. Halsted, junior, or if a title did pass to Halsted, by such sale and purchase, the same having been made by him whilst he was a trustee of the property, such title and property enured to the benefit of the *cestuis que trust* of such property.

Because the complaint did not show any facts by which the defendant, Robert M. Halsted, could be charged in this action. That it contained no statement of any act done by him on which a charge of fraud against him could be founded or maintained against him. That the complaint, therefore, in respect to the defendant, Robert M. Halsted, was informal, insufficient, and showed no cause of action against him. Yet that he was interpleaded in this action, and wrongfully made a party defendant thereto.

Dennis v. Kennedy.

*E. Sandford*, for the plaintiffs.

*Howland & Chase*, for the defendants.

CLERKE, J.   In incorporated companies, in order to be a proprietor, a person must be a stockholder ; in unincorporated companies or copartnerships, it is only necessary that he should subscribe the articles of association, to entitle him to the rights, or make him subject to the liabilities, of a proprietor.   As we have already shown in a recent case,(*a*) companies or societies, which are not incorporated by the competent public authority, are in fact nothing more than ordinary partnerships or co-ownerships, however numerous the members of whom they are composed ; and all laws pertaining to the one are applicable to the other.   The one is a private, the other may be called a public copartnership.

This association of owners of the barque Griffin, made for the purpose of prosecuting an adventure to California, was merely a co-ownership, at most a copartnership, composed of about fifty persons ; and although they called themselves, in their articles of association, stockholders, it was not necessary that certificates of stock or scrip should be issued, or that a person should be formally declared a stockholder, to entitle him to redress against any persons, who committed a breach of trust, or who fraudulently concealed the property of the concern, or injured or destroyed it, by negligence or intentional fraud.   If they were members of the association by originally subscribing to the articles, whether certificates of stock were issued to them or not, they are proper parties to this action.   The idea that it is necessary that a person should be a stockholder, in the sense in which one becomes a member of an incorporated company, to enable him to be a party plaintiff in an action of this kind, is a mistake pervading the whole argument in favor of the demurrer ; and this alone, I think, could have caused any serious doubt, that all the plaintiffs are proper parties to the action.   Enough is set forth in the complaint, to show that they possessed a proprietary interest in the vessel.

(*a*) Wells and Webb *v.* Gates, 18 Barb. 554.

Dennis *v.* Kennedy.

It does not follow, because the articles of association provide that the government and management of the concern should be subject to rules and regulations, .adopted by a majority of the stockholders, (as they are called,) that any individual member or members should be debarred from resorting to a court of justice for redress.    And this is nothing more than the plaintiffs have done in the present instance.

All parties interested, undoubtedly, must be joined in the action, either as plaintiffs or defendants ; and this is expressly provided in the code.    (§ 119.)    The same section, however, declares, " when the question is one of a general or common interest of many persons, or where the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for *the benefit of the whole.*" But the defendants say that the complaint does not show a compliance with this section, as it states that the action is brought "*for such as may come in and contribute.*"    The language of the complaint is, that the plaintiffs sue " on behalf of themselves and the other stockholders of the association, who may come in and contribute to the expenses of the suit."    Now this is certainly in substance the same as saying that they sue " for the benefit of the whole," only that it was to be restricted to those "who may come in and contribute to the expenses of the suit." Suppose that the precise words of the code, " for the benefit of the whole," had been employed, would this addition have rendered it objectionable ?    If not, why should it have that effect when it is an addition to the same affirmation precisely, only in different words ?    But it may be said that the restriction conveys a different idea, and defeats the intention expressed in the code.    If the plaintiffs could have required from all other parties interested, who may come in and avail themselves of the benefit of the action, to contribute to the expense, stating this condition in the complaint cannot affect their rights in this particular, or prevent them from prosecuting the action.    The liability to share the expense was the practice in the court of chancery ; it has not been abolished, or in any way affected, by the recent legislative changes in our practice ; and I can see

nothing which would justify this court in establishing a different rule upon the subject.

One or more parties, therefore, of a numerous class, have a right to state that they sue for the benefit of the whole, or of those interested who may come in "and contribute to the expenses."

It is objected by the sixth cause of demurrer that, because some of the defendants are trustees under the articles of association, set forth in the complaint, no other defendants can be joined with them. Undoubtedly, plaintiffs can unite several causes of action, only when they arise out of one of the seven divisions mentioned in the code, relative to the joinder of several causes of action in the same complaint; and as "claims against a trustee by virtue of a contract, or by operation of law," constitute one division, relief against some in their capacity of trustees, and against others in their individual capacity, or against the same persons in both capacities, cannot be sought in the same action.

The complaint alleges, that John Kennedy, Samuel Smith, and Oliver S. Halsted, jun. were selected by the stockholders to take and receive, in their names as trustees, a bill of sale of the vessel from Zipsey & Weyman, from whom the association had purchased it, *in order to close the business with the said Zipsey & Weyman,* and that they accordingly received the bill of sale as such trustees, in their names. It further alleges, that the trustees transcended their authority, and, in fraud of the rights of the plaintiffs, borrowed $4500 from Wright, and agreed to pay it, with 20 per cent, within three months after the arrival of the vessel in California, contrary to an express resolution of the associates, that the loan should be obtained on a credit, of two years; and this was the only authority ever given them, to borrow any money, or to execute any security or lien upon the vessel. In the latter act they were simply agents, and no more. When they were selected as trustees, they were merely authorized to receive the bill of sale in their names, "in order to close the business with Zipsey & Weyman;" and when they executed the lien, they concealed

Dennis *v.* Kennedy.

the fact, a most important fact, that the loan was payable in three months after the arrival of the vessel in California. By reason of this first deception, Oliver S. Halsted, jun. was enabled to consummate the fraud, in connection with Robert M. Halsted, by the pretended sale of the vessel at San Francisco; and after the sale, all of the defendants took possession of her, and converted her to their own use. This, then, is not a claim against the trustees by virtue of the contract, so as to confine it to the 7th division of § 167 of the code, relating to the joinder of causes of action. It is a claim for an injury to property and for "tortious conversion" of it; for which they are not liable to respond in their capacity of trustees alone, under the first resolution of the associates, authorizing them to take the vessel in their names, (which was the only contract of trust;) but they are liable, precisely as Robert M. Halsted is liable, in their individual capacity, for the perpetration of a fraud, by which the plaintiffs have been deprived of their property.

The 7th division of § 167 of the code was intended, no doubt, to confine all claims against trustees, as such, to what were always deemed breaches of the trust; which were considered in equity, simple contract debts. It was, in fact, what would have been considered, at common law, an action of assumpsit, if the jurisdiction had not been confined to courts of equity; and, although it is stated that Lord Hobart said that a *cestui que trust* may bring an action on the case against his trustee, and recover for a breach of trust, in damages, and that Lord Jeffreys appeared to have countenanced this doctrine, I believe that it has never been sanctioned since his time. This action is not for a breach of the trust, which although, perhaps, involving greater moral turpitude, is identical, legally, with the breach of any other contract. When trustees commit any act not inseparable from their liabilities as such, they are amenable like other individuals in an action of *tort ;* and although the plaintiffs aver that the defendants have not faithfully discharged their *trust,* and pray that they may be required to account, this does not change the real aspect of the action, which is substantially a claim for the value of the vessel.

The seventh and eighth causes of demurrer are disposed of by the observations which I have made in relation to the sixth. The judgment upon the demurrer should be affirmed with costs.

[NEW YORK GENERAL TERM, November 6, 1854. *Mitchell, Morris* and *Clerke,* Justices.]