### HARDEE v. ADAMS OIL ASS'N et al. (No. 8354.)

(Court of Civil Appeals of Texas. Galveston. June 15, 1923. Rehearing Denied Oct. 4, 1923.)

**1. Joint-stock companies and business trusts ⟨key⟩15(1)—Stockholders' liability under declaration of trust defined.**

Stockholders, in a joint-stock company, who, through trustees, have retained control of the company, are liable for the debts of the association contracted by their agents, the trustees, notwithstanding the declaration of trust and articles of agreement attempted to exempt the stockholders from individual liability, though this general liability may be limited only to third parties who do not agree when they contract with the association not to hold the stockholders individually liable.

**2. Joint-stock companies and business trusts ⟨key⟩13—Agreements limiting stockholders' liability as between themselves are binding.**

A provision in the declaration of trust, or articles of agreement, exempting individual stockholders from personal liability, is binding as between themselves, and one becoming a member of the association is charged with knowledge of such agreement.

**3. Joint-stock companies and business trusts ⟨key⟩10—Lessor of oil drilling rig held to have become stockholder in lessee association and bound by articles of agreement.**

One renting an oil-drilling rig to a joint-stock company for a cash payment and a cer-

tain number of shares of the association per month, and having fully performed her agreement, *held* to have become a stockholder, though her certificates of the shares were not actually issued to her, who was by reason of that fact and a provision in the articles of agreement exempting stockholders from individual liability precluded from recovering of the other individual stockholders for a breach of the company's contract, or for a conversion of her outfit.

**4. Joint-stock companies and business trusts ⊝⇒19—Stockholder cannot sue other stockholder until after accounting.**

A shareholder in a joint-stock company, even in the absence of an agreement, exempting shareholders from individual liability for the company debts, may not sue his copartner or comembers on a cause of action growing out of a partnership transaction until there has been an accounting and settlement of the partnership affairs.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by Virgie D. Hardee against the Adams Oil Association and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Stevens & Stevens, of Houston, for appellant.

Carlton & Meredith, of Houston, for appellees Albert George and Henry A. Meyer.

PLEASANTS, C. J. This suit was brought by appellant against the Adams Oil Association, an unincorporated joint-stock company, and appellees Albert George and Henry A. Meyer and other individual stockholders in the association, to recover rentals alleged to be due under a contract of lease of an oil-drilling outfit made by appellant with the association, and also the value of the drilling outfit, which is alleged to have been converted by the defendant association.

The plaintiff's petition alleged that she had rented to the Adams Oil Association, under the terms of the written lease contract, a certain well-drilling outfit, tools, etc., for a period of four months, for which she was to be paid $300 per month, $250 of which was to be paid in advance in cash, and $50 of it to be paid in stock out of the capital stock of the Adams Oil Association, at $10 par value per share. It was further alleged that she had only been paid as rentals in cash as follows: August, 1917, $500; September, 1917, $125; November, 1917, $125; and December, 1917, $250; and that the defendant company had used the drilling outfit for 14 months, leaving a balance due her on rent of $3,200, and that the defendant company had converted the well-drilling outfit, which was of the value of $5,000. The plaintiff further alleged that she had never received the certificates of stock provided for under the terms of the lease contract.

By trial amendment, plaintiff alleged the insolvency of the Adams Oil Association and the nonresidence of its officers and trustees, and sought judgment only against the appellees, F. M. Blair, Walter Johnson, Albert George, and Henry A. Meyer.

The defendants Albert George and Henry A. Meyer answered by general and special exceptions and general denial, and also by special answer alleged, in substance, that they were not liable as members of the Adams Oil Association, and further that any conversion that might have taken place was not that of the Adams Oil Association as such, or of the defendants Albert George or Henry A. Meyer.

There was no appearance or answer by the defendants Blair or Johnson.

A jury was impaneled to try the cause, but after hearing the evidence the court withdrew the cause from the jury and rendered judgment in favor of the defendants. No judgment by default was asked against Blair or Johnson, and no complaint is made in this court of the judgment in their favor, on the ground of their failure to answer.

The evidence shows that the Adams Oil Association was organized to engage in the business of producing oil under a declaration of trust and articles of agreement, by which stockholders in the association were declared to be exempt from individual liability for the debts of the association. The declaration of trust provided, however, that the stockholders should meet annually and elect the trustees and officers of the association.

Plaintiff's suit was based upon the following contract:

"State of Texas, County of Harris.

"Know all men by these presents that, whereas, Virgie D. Hardee, party of the first part, Adams Oil Association, party of the second part, witnesseth:

"That party of the first part does lease to party of the second part, one large drilling rig complete, known as her Big Rig, now located near Nacogdoches, Texas, together with all the necessary tools and equipments, light plant, and everything incident to the rig, all in good repairs, for the consideration of three hundred ($300.00) dollars per month. Two hundred and fifty ($250.00) dollars of which is to be paid in cash in advance, and fifty ($50.00) dollars of it to be paid in stock out of the capital stock of the Adams Oil Association at ten ($10.00) dollars par value per share. Receipts to begin 1st day of July or as much sooner as the rig can be placed upon the ground at Damon Mound, Brazoria county, Texas. Lease for four months from July 1, 1917, that the party of the second part pay all the freight, transportation, teaming and taking down of the rig.

"Witness our hands this 19th day of June, A. D. 1917.      Virgie D. Hardee.
              "Adams Oil Ass'n,
"Witnesses:              By Walter Johnson.
   "F. M. Blair.
   "Grace Ward."

The evidence sustains appellant's claim that the balance of rentals due her under this contract is the sum of $3,200.

There is evidence sufficient to raise the issue of the conversion of the property by the association, and its value as alleged by appellant.

On July 17, 1917, a certificate for five shares of stock in the association, of the face value of $10 per share, was issued and delivered to appellee Henry A. Meyer, and on August 18, 1917, a certificate for a like number of shares was issued and delivered to appellee George. These certificates were given in consideration of $50 advanced by each of appellees to help pay for the boring of a well by the association on lands adjoining or near lands owned by appellees. When the money was so advanced by appellees each of them intended it as a donation, but it appears that they accepted and retained the certificates thereafter issued to them.

Appellant predicates her appeal upon the following propositions:

"First proposition. Members of a joint-stock company are all liable for the debts of the company.

"Second proposition. Where the articles of a joint-stock association provide that the board of trustees shall have no power to bind the shareholders or members of the association personally, such stipulation is inoperative in so far as a stranger to the so-called trust is concerned, who had only contracted to purchase stock; the sale, however, never having been consummated, and the contracting party for the stock having no knowledge of the terms of the articles of organization."

[1] The liability of the stockholders of the Adams Oil Association to third parties for debts contracted by the association cannot be questioned. The attempt of the organizers of the association to relieve its stockholders of such liability by declaring, in the instrument creating the association, that its stockholders should not be personally bound by the contracts of the association, was ineffectual, because the same instrument gives the stockholders control of the business of the association by providing that they shall annually elect trustees to conduct the business of the concern. Under all of the authorities, such a declaration of trust does not relieve the shareholders of liability for debts contracted by their agents, the trustees.

In the case of Wells v. Mackay Telegraph Co. (Tex. Civ. App.) 239 S. W. 1001, this court has held that stockholders in an association of this kind are, under the laws of this state, liable as partners for the debts of the association, even when they have no voice in the management of the business of the association. We are not inclined to doubt the soundness of that decision; but, regardless of whether that holding be sound, the liability of the stockholders in this case cannot be doubted. This general liability of the stock-

holders is limited, however, to third parties who do not agree when they contract with the association not to hold its individual shareholders personally liable on the contract.

[2] As held in the opinion in the case cited, there can be no reason for denying the shareholders' exemption from personal liability to one who has agreed, in entering into a contract with the association, not to hold the shareholders liable thereon, and to look only to the funds and property of the association as security for the performance of the contract. Lumber Co. v. Pine Land Association, 31 Tex. Civ. App. 375, 72 S. W. 875. The agreement to exempt the shareholders from personal liability is binding as between themselves, and when one becomes a shareholder in an organization of this kind he is charged with knowledge of the stipulations and agreements contained in the declaration of trust which creates the association, defines its powers and the relation of the shareholders to the association and to each other, and is bound by such declaration and agreement.

[3] If appellant, when she made the contract on which she now sues, became a shareholder of the association by agreeing to take, as part consideration for the lease of her property, five shares of stock in the association, she cannot hold the other shareholders personally liable for a breach of the contract by the association.

The contract of lease above set out having been fully executed by the delivery of the oil rig and its acceptance and use by the association, the appellant became the owner of the five shares of stock which the contract provided she should have as part consideration for the lease. The title to these shares having vested in her, it was not necessary that certificates, which are mere evidence or muniments of title, should issue to perfect her ownership. Without the issuance of these certificates she became the owner of the stock, entitled to all the benefits, and subject to all the liabilities that such ownership carried with it.

In the case of Yeaman v. Galveston City Co., 106 Tex. 389, 167 S. W. 710, Ann. Cas. 1917E, 191, our Supreme Court, in discussing this question, says:

"In their assumption of corporate attributes joint-stock companies are governed by some of the principles that apply to corporations. In a corporation the certificate of stock is not the stock itself; it is but a muniment of title, an evidence of the ownership of the stock. It is not necessary to a subscriber's complete ownership of the stock. He becomes a full stockholder, certainly where he has performed his obligation, and possesses all of a stockholder's rights, even if no certificate is issued to him at all. Cook on Corp. §§ 13, 192; Morawetz on Corp. § 56. And likewise the issuance of a certificate is not essential in order to consti-

tute membership in a joint-stock company. Dennis v. Kennedy, 19 Barb. 517; Boston, etc., R. R. v. Pearson, 128 Mass. 445."

Upon the same subject in the case of United States Radiator Corporation v. State of New York, 208 N. Y. 144, 101 N. E. 783, 46 L. R. A. (N. S.) 585, the Court of Appeals of New York makes this statement of the law:

"The certificate of the corporation for the shares, or the stock certificate, is not necessary to the existence of the shares or their ownership. It is merely the written evidence of these facts. It expresses the contract between the shareholder and the corporation and his co-shareholders. But it is the payment, or the obligation to pay for the shares of stock, accepted by the corporation, that creates both the shares and their ownership."

A similiar holding is found in the following cases: Majors v. Girdner, 31 Cal. App. 47, 159 Pac. 826; Mountain Waterworks Const. Co. v. Holme, 49 Colo. 412, 113 Pac. 501; Brumbaugh v. Mellinger, 68 Ind. App. 410, 120 N. E. 676; In re Culver's Estate, 145 Iowa, 1, 123 N. W. 743; 25 L. R. A. (N. S.) 384; Butler v. Scoonover, 114 Ind. 381, 16 N. E. 642, 5 Am. St. Rep. 627; Wrightington on Unincorporated Ass'ns, 109; 10 Cyc. 389; 7 Ruling Case Law, 212, 213.

[4] If the declaration of trust had contained no provision exempting the shareholders from personal liability for the debts of the association, appellant being a member of the association, it seems to be settled that she could not maintain a suit against her copartners or comembers of the association on a cause of action growing out of a partnership transaction until there had been an accounting and settlement of the partnership affairs.

In Wrightington on Unincorporated Associations, at pages 102, 103, it is said:

"One member cannot sue another member on a firm transaction at law unless there has been an accounting fixing the amount due, or the transaction has otherwise been severed from the mutual obligation of the members."

In Cyc. vol 23, p. 472, the rule is set out as follows:

"While an action at law cannot be maintained by one member of a joint-stock association against other members of the same association in respect to their mutual rights and liabilities as such members, yet he may betake himself to a co-ordinate forum and file a bill in equity for the adjustment of their rights and have an accounting if justice requires it."

This rule has been recognized and followed by the courts of this state: Merriwether v. Hardeman, 51 Tex. 436; Lockhart v. Lytle, 47 Tex. 453; Worley v. Smith, 26 Tex. Civ. App. 270, 63 S. W. 903.

In the following cases this rule as to partnership and joint-stock companies is held to be identical: Laney v. Fickel, 83 Mo. App. 60; Whitehouse v. Sprague (Me.) 7 Atl. 17.

It follows from the conclusions above expressed that the judgment of the trial court should be affirmed; and it has been so ordered.

Affirmed.