### MIMS et al. v. STEPHENS COUNTY–RANGER OIL CO. et al.   (No. 10905.)

(Court of Civil Appeals of Texas.   Fort Worth.   Dec. 13, 1924.)

1. **Joint-stock companies and business trusts** ⬅6—Evidence held to sustain finding note for stock repurchased under agreement was binding obligation on trust association.

Evidence that one of board of trustees of unincorporated business trust had been authorized to do any and all acts necessary to sale or transfer of its stock, and that such trustee had sold stock under an agreement to repurchase it at purchaser's option, *held* to sustain finding that note executed in name of association by such trustee as its president, in payment for stock so repurchased, was binding obligation on association.

2. **Joint-stock companies and business trusts** ⬅15(1)—Purchaser of stock of unincorporated trust association held not bound by articles of association exempting stockholders from personal liability.

Purchaser of stock of unincorporated trust association who was not previously a stockholder *held* not bound by articles of association exempting stock holders from personal liability so as to preclude recovery from them on note given pursuant to agreement to repurchase his stock.

3. **Joint-stock companies and business trusts—** ⬅15(1)—Stockholders of unincorporated joint-stock company held liable on association note.

All stockholders of unincorporated joint-stock company are liable on note given by one of trustees of such company pursuant to agreement to repurchase stock previously sold.

4. **Joint-stock companies and business trusts** ⬅15(1)—Trustee liable as surety on stock company note held not entitled to contribution from other stockholders, in view of failure to include stipulation in note for nonliability of stockholders individually.

President of board of trustees of unincorporated joint-stock company, who violated his contract with stockholders of company and other trustees by failing to include stipulation for nonliability of stockholders and trustees individually, in note given by him pursuant to agreement which he had made on behalf of association to repurchase stock previously sold, *held* not entitled to contribution from other stockholders, in suit on such note wherein judgment was recovered against him as surety, to contribution from other stockholders.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by the Cisco Furniture Company against the Stephens County-Ranger Oil Company, W. R. Tomlinson, and B. H. Lauderdale, wherein Lauderdale filed plea over against Tomlinson, J. R. Mims, and others, officers of defendant company. Judgment was rendered for plaintiff against defendant company, Tomlinson, and Lauderdale, and for Lauderdale against Tomlinson, Mims, and others, and for Tomlinson against Mims and others, and Mims and others appeal. Portion of judgment allowing Tomlinson recovery against Mims and others reversed, and judgment rendered denying such recovery; in other respects judgment affirmed.

J. D. Barker, of Cisco, for appellants.
Patterson & Sherry, of Cisco, for appellees.

DUNKLIN, J. The members of the partnership firm of the Cisco Furniture Company recovered a judgment against the Stephens County-Ranger Oil Company, an unincorporated joint stock company or association, and W. R. Tomlinson and B. H. Lauderdale, as sureties for the amount due on a promissory note executed by said company as principal and Tomlinson and Lauderdale as sureties.

Tomlinson, as president of the company, had induced Lauderdale to purchase some of its capital stock upon an agreement that, should Lauderdale become dissatisfied with the purchase, the company would take back the stock and pay Lauderdale the amount of the purchase price paid by him, with interest thereon. Thereafter Lauderdale asserted ·his right of option so given him, returned the stock he had purchased, and the note sued on by plaintiff was executed in pursuance of the contract. Lauderdale then sold the note to the plaintiffs for a valuable consideration without notice of any defense thereto and before maturing.

The business of the company was transacted under what is termed a declaration of trust, in which defendants W. R. Tomlinson, J. R. Mims, and J. M. Flournoy were made trustees; Tomlinson being president of the board of trustees, Mims, first vice president, and Flournoy, second vice president; L. A. Carter was made secretary treasurer and H. O. Westerfeld manager of the lease department of the association. All of the persons just named were also stockholders in the company.

Lauderdale filed a plea over against the officers of the company just named, in which he set up the contract under which he purchased the stock and acquired the note which he transferred to the plaintiffs and upon which plaintiffs recovered judgment. He alleged that the company was an unincorporated joint-stock association, and that all' of its stockholders were liable on the note sued on as partners. Based on those allegations he prayed for judgment in his favor over against Tomlinson, Mims, Flournoy, Carter, and Westerfeld as stockholders and partners for any sum for which judgment might be rendered against him as indorser upon the note he had sold to plaintiffs; and judgment was awarded him against those parties as

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

prayed for. No appeal has been prosecuted from the judgment rendered in favor of the plaintiffs; the only appeal from the judgment is by Mims, Carter, Flournoy, and Westerfeld.

The articles of the association contained a provision that the trustees should have no power to bind the stockholders personally on any obligations of the association; and that it should be the duty of the trustees to embody in every written instrument or obligation executed by them a stipulation that neither the trustees nor shareholders shall be personally liable thereon.

After the organization of the company, the board of trustees passed a resolution giving W. R. Tomlinson, president of the board, full authority to perform any and all acts necessary to the sale or transfer of capital stock. That resolution was passed by Tomlinson, Flournoy, and Carter, who constituted a majority of the board, and, according to one of the articles of the association, a majority of the board had authority to transact any and all business. The contract of sale of stock to Lauderdale was in writing and was signed by Tomlinson as its president and by Flournoy as trustee. It was also signed by Tomlinson individually as a personal guarantor. The note sued on was executed in the name of the association by Tomlinson as its president and also as a surety and by no one else.

[1] Under the facts related there was no error in the trial judge's finding in effect that Tomlinson had authority from the board of trustees to execute the note sued on, and that the same was a binding obligation on the association.

[2] The articles of association exempting stockholders from personal liability were not binding upon Lauderdale at the time he entered into his contract of purchase of stock, as he was not then a stockholder. Hence the court did not err in rendering judgment in his favor against appellants for any sum he might be required to pay on the judgment against him in favor of plaintiffs.

Tomlinson purchased the stock held by Flournoy, and in consideration therefor contracted and agreed to assume any and all obligations of Flournoy growing out of his ownership of the stock.

The court further adjudged that Tomlinson should recover over against Mims, Carter, and Westerfeld, each one-fifth of any sums he might be required to pay on plaintiffs' judgment, by reason of the fact that the association was an unincorporated joint-stock company in which those defendants were stockholders. That apportionment was upon the basis of the liability to plaintiffs of five of the stockholders, viz. Tomlinson, Flournoy, Mims, Carter, and Westerfeld, and the court held that as Tomlinson had assumed such liability of Flournoy, in the contribution between him and the rest, he should be held to two-fifths of the whole. But in the judgment in plaintiffs' favor it was decreed that the property owned by the association should be first exhausted to satisfy the amount awarded to plaintiffs before execution should issue against Tomlinson.

[3] In their brief appellants admit that the company was a joint-stock company. If so, all the stockholders were liable to the plaintiffs for the debt upon which the suit was based. But plaintiffs did not sue appellants or ask any judgment against them. The only question then that is left to be decided here is as to the right of Tomlinson to have contribution as between himself and appellants for any amount he may be compelled to pay on plaintiffs' judgment against him.

In the absence of the provision in the articles of association already noted that in no event would any trustee or stockholder be personally liable for debts of the association, and that every contract in writing made by the trustees should contain a stipulation that neither the trustees nor stockholders should be personally liable thereon, Tomlinson would have the right of contribution asserted by him as against appellants. But that provision was a contract on the part of the trustees with the other stockholders. The failure to include that stipulation in the contract on which plaintiffs sued did not result in liability of appellants to plaintiffs, because plaintiffs did not sue them, and did not recover against them.

[4] If Tomlinson had embodied in the contract with Lauderdale a stipulation of nonliability of the trustees as well as the stockholders, then he himself would not have been liable, and, in that event, there would be no basis for his plea for contribution; and having breached his contract with the stockholders by failure to insert the nonliability clause in the contract, he cannot be allowed contribution.

Accordingly, that part of the judgment allowing Tomlinson a recovery over against appellants Mims, Carter, and Westerfeld is reversed and judgment is here rendered denying him such recovery. The judgment against appellants in favor of Lauderdale is affirmed. In all other respects the judgment of the trial court is left undisturbed, no complaint of it in those respects being presented here.