### BURTON v. ROSS. (No. 385.)*

(Court of Civil Appeals of Texas. Waco. June 24, 1926. Rehearing Denied Oct. 7, 1926.)

1. **Joint-stock companies and business trusts** ☞1.

Joint-stock company is a partnership.

2. **Joint-stock companies and business trusts** ☞15(1).

Members of joint-stock company cannot, by declaration of trust, limit personal liability as partners on contracts with outside parties, though they may so limit it as to debts of association to members.

3. **Joint-stock companies and business trusts** ☞19—Evidence held to support finding that plaintiff was not stockholder in joint-stock company at time guaranty contract was executed.

Evidence held to support finding that plaintiff was not stockholder in joint-stock company at time contract guaranteeing her against loss when purchasing stock in such company was executed and delivered, so as to be precluded from enforcing liability against guarantor, who was stockholder and trustee in company, under declaration of trust that stockholders should not be liable for debts of company.

4. **Joint-stock companies and business trusts** ☞6.

Contract guaranteeing purchaser of stock in joint-stock company from loss, executed and delivered by trustee and stockholder in company before purchaser became a stockholder and inducing her to purchase, held binding on trustee and stockholder, as well as on company.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Mrs. William M. Ross against W. G. Burton and another. Judgment for plaintiff, and named defendant appeals. Affirmed.

Slay, Simon & Smith and O. K. Shannon, all of Fort Worth, for appellant.

H. C. Wade, J. E. McGinness, and Joseph F. Greathouse, all of Fort Worth, for appellee.

BARCUS, J. This suit was instituted by appellee, a feme sole, against the Burton-Sappington Syndicate, a joint-stock association, and W. G. Burton, as a trustee of and stockholder in said association, to recover $1,000, the amount which appellee paid to W. G. Burton for stock in said association. Appellee claimed that she was entitled to a judgment against the association as such, and against W. G. Burton individually, by virtue of an agreement which was given to her at the time of and in connection with her purchase of said stock, which agreement is dated January 18, 1921, addressed to appellee, and reads as follows:

"We have sold you two units in the Burton-Sappington Syndicate for $1000, and herewith guarantee you against loss in this investment. After you have received the sum of $1000 from the Syndicate, this guarantee is hereby released and shall be of no effect.

"[Signed] Burton-Sappington Syndicate,
"By W. G. Burton."

The record shows that the Burton-Sappington Syndicate was a joint-stock company, and, at the time of the trial of this cause, same had been liquidated and all of its assets used to pay the expenses of the receiver. None of the stockholders received anything for their stock. It was further shown that W. G. Burton was a stockholder in, and the managing officer of, said company on the 18th of January, 1921, when G. Y. Smith, a brother of appellee, acting as agent for and on behalf of appellee, entered into a contract with appellant, Burton, by and under the terms of which appellee agreed to and did purchase two shares of stock in said company for $500 each, on condition that the stock company would and did execute and deliver the agreement and contract above set forth. The testimony is uncontradicted that, in order to obtain the $1,000 for said stock, the appellant Burton agreed to and did execute and deliver said agreement, and the $1,000 was paid at the time and in consideration of said contract being executed and delivered. It seems from the record that, as a matter of fact, no stock certificate was ever issued to appellee. The Burton-Sappington Syndicate was be-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted November 24, 1926.

ing operated as a stock company under a certain declaration of trust, which provided that the trustees—

"shall have no power to bind the shareholders or members personally, and in every written contract they shall enter into relating to the business of this company, its property, or any part thereof, reference shall be made to said declaration of trust, and persons, firms, or corporations so contracting with them shall look to the funds and property, legal and equitable, of the company under said contract for the payment of any debt, damage, judgment, or decree, or of any money that may become due and payable in any way by reason thereof, and neither the trustees nor the shareholders, present or future, shall be personally liable therefor, of for any debt incurred, or engagement or contract made by the board of trustees or any officer, agent, or servant acting under them on behalf of the company."

The cause was tried to the court, and resulted in a judgment being rendered for appellee for the $1,000 sued for, with interest from date of judgment, against the Burton-Sappington Syndicate as a partnership, and against W. G. Burton individually.

[1, 2] It is now the recognized rule that a joint-stock company is a partnership. The members thereof, however, can by a declaration of trust limit their liability in so far as it relates to the stockholders, so that they will not be personally liable for the debts of the association to its members. Hardee v. Adams Oil Ass'n (Tex. Civ. App.) 254 S. W. 602. This rule, however, does not apply to contracts made by the company with parties who are not in any way connected with the company, and, where the officers of the company make a contract with outside parties, each individual stockholder is liable therefor as a partner. Hardee v. Adams Oil Ass'n, supra; George v. Hall (Tex. Civ. App.) 262 S. W. 174; Mims v. Stephens County-Ranger Oil Co. (Tex. Civ. App.) 268 S. W. 1014; Wineinger v. Farmers' & Stockmen's Loan & Investment Ass'n (Tex. Civ. App.) 278 S. W. 932.

[3] The only contention made by appellant in this case is that he is not liable, because, at the time the contract sued on was made, he claims appellee owned stock in the company and was therefore a partner and was charged with notice of the contents of the declaration of trust above quoted, which provide, in substance, that the stockholders shall not be liable for any of the debts of the company. Appellee contends that at the time the guaranty contract sued on was executed she was not in fact a stockholder, and that, but for the execution and delivery of the same, she would not have become a stockholder therein. It is ordinarily an easy matter to determine when a person becomes a member of a corporation or stock company, namely, at the time they obtain or are entitled to stock therein. Whether the contract in this case was given before appellee became a stockholder or afterward was primarily one of fact. The trial court filed no findings of fact, but simply entered judgment for appellee. The testimony shows that appellant, Burton, who was the active trustee of the stock company, carried on all the negotiations involving the transaction in this litigation. The evidence is undisputed that Mr. Smith, who was representing appellee, had instructions from her not to deliver the money unless he did obtain a guarantee that she would not suffer any loss by reason of the investment, and that before he delivered the money to appellant, Burton, he required that the indemnity contract be executed and delivered; and the contract was, under the evidence, the controlling factor, motive, and consideration for the payment of said money to appellant, Burton. We think the evidence supports the finding of the court that, at the time the contract was executed and delivered, appellee was not a stockholder in the company.

[4] The facts in this case are very similar to those of Mims v. Stephens County-Ranger Oil Co. (Tex. Civ. App.) 268 S. W. 1014, where it was held that each individual stockholder was liable on a guaranty contract made by the officers of the company, and we think said case controls the disposition of this cause. Since the contract was executed and delivered by Burton, who was a trustee and stockholder in the company, before appellee became a stockholder, and was given for the purpose of inducing her to become a stockholder in the company, it is binding upon him as well as the company.

We overrule appellant's assignments of error and affirm the judgment of the trial court.