### BURTON v. ROSS.　(761—4728.)

(Commission of Appeals of Texas, Section B. March 23, 1927.)

**1. Joint-stock companies and business trusts**
&copy;⟶4—Stockholder of joint stock association must take notice of by-laws.

Prospective stockholders in joint-stock association should inform themselves of by-laws, and actual stockholders must take notice of them.

**2. Joint-stock companies and business trusts**
&copy;⟶13—Individual stockholder in joint-stock association signing guaranty of syndicate against loss on another stockholder's investment, delivered to latter when investment was made, held not personally liable thereon.

Where plaintiff parted with money in payment for stock in joint-stock association at same time syndicate's guaranty against loss

on investment was delivered to her, individual stockholder signing guaranty for syndicate *held* not liable thereon, in view of by-law that trustee could not bind member personally.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Suit by Mrs. Wm. M. Ross against the Burton-Sappington Syndicate and another. Judgment for plaintiff was affirmed (286 S. W. 1111), and defendant W. G. Burton brings error. Reversed and rendered.

O. K. Shannon, Jr., and Slay, Simon & Smith, all of Fort Worth, for plaintiff in error.

H. C. Wade, J. E. McGinness, and Jos. F. Greathouse, all of Fort Worth, for defendant in error.

POWELL, P. J. The Court of Civil Appeals correctly states the nature and result of this case as follows:

"This suit was instituted by appellee, a feme sole, against the Burton-Sappington Syndicate, a joint-stock association, and W. G. Burton, as a trustee of and stockholder in said association, to recover $1,000, the amount which appellee paid to W. G. Burton for stock in said association. Appellee claimed that she was entitled to a judgment against the association as such, and against W. G. Burton individually, by virtue of an agreement which was given to her at the time of and in connection with her purchase of said stock, which agreement is dated January 18, 1921, addressed to appellee, and reads as follows:

" 'We have sold you two units in the Burton-Sappington Syndicate for one thousand dollars and herewith guarantee you against loss in this investment. After you have received the sum of $1,000.00 from the syndicate, this guaranty is hereby released and shall be of no effect.

" '[Signed]　　Burton-Sappington Syndicate,
" 'By W. G. Burton.'

"The record shows that the Burton-Sappington Syndicate was a joint-stock company, and, at the time of the trial of this cause, same had been liquidated and all of its assets used to pay the expenses of the receiver. None of the stockholders received anything for their stock. It was further shown that W. G. Burton was a stockholder in, and the managing officer of, said company on the 18th of January, 1921, when G. Y. Smith, a brother of appellee, acting as agent for and on behalf of appellee, entered into a contract with appellant, Burton, by and under the terms of which appellee agreed to and did purchase two shares of stock in said company for $500 each, on condition that the stock company would and did execute and deliver the agreement and contract above set forth. The testimony is uncontradicted that, in order to obtain the $1,000 for said stock, the appellant Burton agreed to and did execute and deliver said agreement, and the $1,000 was paid at the time and in consideration of said contract being executed and delivered. It seems from the record that, as a matter of fact, no stock certificate was ever issued to appellee.

&copy;⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The Burton-Sappington Syndicate was being operated as a stock company under a certain declaration of trust, which provided that the trustees 'shall have no power to bind the shareholders or members personally, and in every written contract 'they shall enter into relating to the business of this company, its property, or any part thereof, reference shall be made to said declaration of trust, and persons, firms, or corporations so contracting with them shall look to the funds and property, legal and equitable, of the company under said contract for the payment of any debt, damage, judgment, or decree, or of any money that may become due and payable in any way by reason thereof, and neither the trustees nor the shareholders, present or future, shall be personally liable therefor, or for any debt incurred, or engagement or contract made by the board of trustees or any officer, agent, or servant acting under them on behalf of the company.'

"The cause was tried to the court, and resulted in a judgment being rendered for appellee for the $1,000 sued for, with interest from date of judgment, against the Burton-Sappington Syndicate as a partnership, and against W. G. Burton individually.

"It is now the recognized rule that a joint-stock company is a partnership. The members thereof, however, can by a declaration of trust limit their liability in so far as it relates to the stockholders, so that they will not be personally liable for the debts of the association to its members. Hardee v. Adams Oil Ass'n (Tex. Civ. App.) 254 S. W. 602. This rule, however, does not apply to contracts made by the company with parties who are not in any way connected with the company, and, where the officers of the company make a contract with outside parties, each individual stockholder is liable therefor as a partner. Hardee v. Adams Oil Ass'n, supra; George v. Hall (Tex. Civ. App.) 262 S. W. 174; Mims v. Stephens County-Ranger Oil Co. (Tex. Civ. App.) 268 S. W. 1014; Wineinger v. Farmers' & Stockmen's Loan & Investment Ass'n (Tex. Civ. App.) 278 S. W. 932."

The Court of Civil Appeals affirmed the judgment of the district court. See 286 S. W. 1111.

Burton was granted a writ of error by the Supreme Court on the allegation in his application that the decision of the Court of Civil Appeals was in conflict with the decisions of the Courts of Civil Appeals in the cases of Hardee v. Adams Oil Association, 254 S. W. 602, and Wineinger v. Farmers' & Stockmen's Loan & Investment Association et al., 278 S. W. 932.

Counsel for Burton, in the application, summarize their views as follows:

"We respectfully submit that the facts in this case, as shown by the record, present the question as to whether or not a person purchasing shares of stock in an association operating under articles of agreement, and receiving in return a guaranty, is to be bound by the terms of the articles of agreement, so as to prevent a recovery on the guaranty, against individual members of the association.

"Unquestionably, if the guaranty had been given before the consideration passed from Mrs. Ross to the Burton-Sappington Syndicate, and she became the holder of stock in the same, she would have been in a position to recover on said guaranty and would not have been bound by the articles of agreement, since her cause of action or her rights under the guaranty would have arisen prior to the time she became a stockholder in the syndicate.

"We think it equally clear that had Mrs. Ross purchased the stock in question and delivered her consideration to the association, prior to the time she received the guaranty sued on, she could not recover in a suit against the individual members of said association.

"Our case presents a situation on the border line between the two cases supposed, and in view of the well-established principle that simultaneous transactions are to be considered in connection with one another, and in the light of each other, we think it clear that no recovery should be had in this case."

[1, 2] The undisputed facts in this record show that Mrs. Ross parted with her money at the same time the syndicate's guaranty was delivered to her. Neither became effective without the other. It was a simultaneous transaction. She was a stockholder at the very time she received the guaranty and is charged with knowledge of the by-laws of the organization. Ordinary prudence demands that prospective stockholders inform themselves of the rules and by-laws of the organization. When they actually become stockholders, they must take notice of the by-laws. Had Mrs. Ross not been satisfied with the syndicate's guaranty, she could have protected herself with one from the individuals in the organization. She made no such requirement. We think it would be unreasonable to hold individual stockholders of a concern like this liable to fellow stockholders. And, in the case at bar, the guaranty was inseparably connected with Mrs. Ross' very act of becoming a stockholder.

In this view of the case, we are in line with the reasoning of the Court of Civil Appeals at Galveston in the Hardee Case and with the exact holding of the Court of Civil Appeals at Amarillo in the Wineinger Case. We think those courts correctly decided this question and that the Court of Civil Appeals in this case was in error just as was the Court of Civil Appeals at Fort Worth in the case of Mims v. Stephens County-Ranger Oil Co. et al., 268 S. W. 1014. It is true that the Wineinger Case finally reached the Supreme Court and was decided by that court upon a recommendation from Section A of the Commission of Appeals. See 287 S. W. 1091. But this exact question was not determined either by the Commission or the Supreme Court. It was left open.

We do not think W. G. Burton was individually liable to Mrs. Ross on the syndicate's guaranty. Therefore we recommend that the judgments of the district court and Court of Civil Appeals be reversed and judgment rendered by the Supreme Court that defend-

ant in error take nothing as against W. G. Burton individually, and that the latter recover all costs in all the courts.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.